EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Pedro Nicot Santana | 2024 TSPR 21  213 DPR ___ |
|---|---|

Número del Caso:  TS-3,544

Fecha:  7 de marzo de 2024

Oficina de Inspección de Notarías:

     Lcdo. Manuel E. Ávila De Jesús
     Director

Representante legal de Pedro Nicot Santana:

     Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplir con los requerimientos de la Oficina de Inspección de Notarías y con las órdenes del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Pedro Nicot Santana                    TS-3544

Conducta
Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 7 de marzo de 2024.

Una vez más, nos vemos obligados a ejercer nuestra facultad disciplinaria para suspender de manera inmediata e indefinida del ejercicio de la abogacía y la notaría a un integrante de la profesión legal por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y con las órdenes de este Tribunal.

Al tomar en consideración la conducta que más adelante reseñaremos, adelantamos que suspendemos inmediata e indefinidamente al Lcdo. Pedro Nicot Santana (licenciado Nicot Santana o abogado) del ejercicio de la abogacía y la notaría, y lo referimos al correspondiente procedimiento de desacato civil

ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

I

El licenciado Nicot Santana fue admitido al ejercicio de la abogacía el 26 de junio de 1970 y prestó juramento como notario el 22 de julio de 1977.[1]

## A. **Incidencias en el 2022**

Allá para el 20 de octubre de 2022, la Lcda. Hilda E. Rodríguez Soto, Inspectora de Protocolos y Notarías (Inspectora) se comunicó con el abogado -mediante correo electrónico a la dirección que surge del Registro Único de Abogados y Abogadas (RUA)- con el propósito de coordinar la inspección de su obra notarial pendiente de examen. Específicamente, la Inspectora le informó la disponibilidad de fechas en su agenda para examinar la obra notarial autorizada durante los años naturales 2018 al 2021, así como los Registros de Testimonios a partir de 2016. Sobre el particular, la Inspectora le propuso al licenciado Nicot Santana tres (3) fechas alternas en

---

[1] Mediante una Opinión *Per Curiam* emitida el 24 de enero de 1992, decretamos la suspensión provisional del Lcdo. Pedro Nicot Santana (licenciado Nicot Santana o abogado) del ejercicio de la abogacía. En particular, dicha suspensión se debió a que el abogado hizo caso omiso tanto a comunicaciones de la Oficina del Procurador General como a una *Resolución* de este Tribunal en relación con una queja presentada en su contra. Véase *In re* Nicot Santana, 129 DPR 717 (1992).

El 20 de marzo de 1992 emitimos una *Resolución* mediante la cual reinstalamos -efectivo el 23 de marzo de 1992- al licenciado Nicot Santana al ejercicio de la profesión legal y **le apercibimos "contra futuras inobservancias del deber de todo abogado de atender adecuadamente y de responder prontamente a los requerimientos de este Tribunal".** (Énfasis nuestro). Véase *In re* Nicot Santana, 130 DPR 210, 212 (1992).

noviembre de 2022 para recibir la obra pendiente de inspección y le solicitó que se comunicara con ella a la brevedad posible para establecer la fecha.

Luego de las comunicaciones por vía telefónica con el licenciado Nicot Santana, el 3 de noviembre de 2022 se le envió una citación formal y se le requirió trasladar el Volumen Tercero de su Registro de Testimonios a la ODIN el 8 de noviembre de 2022. **Llegada la mencionada fecha, el abogado no compareció a la ODIN ni llamó para excusar su incomparecencia.** Sin embargo, éste se presentó al día siguiente y entregó el Volumen de Registro de Testimonios que le fue requerido. Allí se acordó que sería notificado de cualquier señalamiento que pudiera surgir del examen del mismo y, además, que se coordinaría una fecha para la entrega de la obra notarial restante.

Mediante un correo electrónico del 13 de diciembre de 2022, la Inspectora le informó al licenciado Nicot Santana que había examinado el Volumen Tercero del Registro de Testimonios y podía entregárselo. Asimismo, le reiteró sobre la necesidad de coordinar una fecha para el examen de la obra restante. No obstante, sin previo aviso, el 15 de diciembre de 2023 el abogado llegó a la ODIN a recoger el mencionado Volumen Tercero, así como el *Informe de señalamientos* preparado por la Inspectora, quien se encontraba atendiendo a otro notario y no pudo coordinar

una fecha para el proceso de reinspección de dicho Volumen Tercero y de la obra pendiente de examen.

## B. Incidencias en el 2023

Más adelante, el 10 de marzo de 2023, la ODIN envió una segunda citación formal al licenciado Nicot Santana y le requirió que trasladara la obra protocolar autorizada durante los años naturales 2018 al 2022 para el correspondiente examen. Para esto se acordó el 5 de abril de 2023, fecha en la cual el abogado también entregaría evidencia del pago de su fianza notarial. Sin embargo, **llegada la fecha acordada, el licenciado Nicot Santana -por segunda ocasión- no compareció ni se excusó.**

Luego de varios intentos de la Inspectora para comunicarse con el abogado en el periodo del 5 de abril al 24 de mayo de 2023, el 25 de mayo de 2023 la ODIN le remitió una nueva carta. En particular, la ODIN detalló todos los pormenores relacionados al "proceso accidentado del examen de [la] obra protocolar que custodia[ba]"[2] y resaltó las múltiples oportunidades que se le habían brindado al licenciado Nicot Santana, así como las exhortaciones para que cumpliera con su obligación. De esta manera, la ODIN citó al notario para el 23 de junio de 2023 en las oficinas

---

[2] Véase *Informe Especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios*, pág. 3.

de dicha dependencia y le apercibió que cualquier cambio de fecha tendría que ser solicitado al Lcdo. Manuel E. Ávila De Jesús, Director de la ODIN. Asimismo, le recordó al abogado sobre su responsabilidad de cumplir con los requerimientos de la ODIN y la naturaleza disciplinaria de su incumplimiento con tal obligación. **Por tercera ocasión, el licenciado Nicot Santana no compareció ante la ODIN ni se excusó.**

Así pues, el 26 de julio de 2023, la Inspectora suscribió un *Informe de la falta de interés e inacción demostrada por el Lcdo. Pedro Nicot Santana, Notario Número 3544, para cumplir con los requerimientos de la [ODIN] y dilatar el proceso de inspección*, en el que expuso los pormenores relacionados al proceso de examen ordinario de la obra notarial del abogado. En dicho escrito, la Inspectora indicó que el 24 de julio de 2023 acudió a la sede notarial del licenciado Nicot Santana y allí tuvo la oportunidad de entrevistar a varios vecinos del inmueble y éstos le confirmaron que el abogado continuaba laborando, pero desconocían sus horas de oficina.

A los fines de ofrecer una nueva oportunidad al licenciado Nicot Santana, el Director de la ODIN le remitió una *Notificación Informe Final de Inspección RUA 3544 (Reglas 77m y 77n)* a la dirección electrónica que obraba en RUA. Mediante ésta le concedió al abogado un término de quince (15) días para reaccionar al Informe emitido por

la Inspectora, en específico sobre todo lo relacionado con su displicencia en atender los requerimientos de la ODIN para encaminar el proceso de examen de la obra notarial formada durante los años naturales 2018 al 2022, lo que incidía en la función fiscalizadora delegada por la Ley Notarial a la ODIN. Además, se apercibió al licenciado Nicot Santana que su incumplimiento con dicho requerimiento conllevaría remitir el asunto ante este Tribunal con el fin de iniciar el proceso disciplinario correspondiente. El término concedido venció el 11 de agosto de 2023 y, **por una cuarta ocasión, el abogado no contestó la comunicación ni solicitó prórroga para expresarse sobre el mencionado Informe.**

Bajo dicho escenario, el 16 de agosto de 2023, el Director de la ODIN presentó ante este Foro un *Informe Especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios*. En éste, expuso que existía un patrón de desidia e incumplimiento por parte del licenciado Nicot Santana en relación con los requerimientos del ordenamiento notarial.[3] Ante lo cual, nos solicitó que ordenáramos la incautación de la totalidad de la obra protocolar y el sello notarial del abogado, así como que concediéramos unos términos para que el licenciado Nicot Santana atendiera las deficiencias señaladas y expusiera las razones por las cuales no debía

---

[3] Véase *Informe Especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios*, pág. 6.

decretarse su suspensión inmediata e indefinida del ejercicio de la notaría.

El 21 de agosto de 2023, emitimos una *Resolución* en la que acogimos lo solicitado por el Director de la ODIN y, en consecuencia, dispusimos lo siguiente: (1) ordenamos al Alguacil del Tribunal Supremo incautar la totalidad de la obra protocolar y el sello notarial del abogado, y entregarlo a la ODIN para el examen e informe correspondiente; (2) concedimos un término de treinta (30) días para que el abogado atendiera las deficiencias que impedían la aprobación del Volumen Tercero del Registro de Testimonios, incluyendo las deficiencias arancelarias notificadas, y (3) concedimos un término de diez (10) días para que el abogado mostrara causa por la cual no debía ser suspendido de la práctica de la notaría por su reiterado incumplimiento con los requerimientos de la ODIN. Asimismo, le apercibimos al licenciado Nicot Santana que, de no comparecer en los términos indicados, se exponía a la imposición de sanciones disciplinarias severas, incluyendo la separación de la abogacía y la notaría.

El mismo 31 de agosto de 2023, fecha en que vencía el término concedido para mostrar causa, el abogado presentó una *Solicitud de prórroga* ante este Tribunal. En ésta, el licenciado Nicot Santana expresó que estaba en periodo de luto por el fallecimiento de su anterior esposa y madre de sus dos (2) hijos, por lo cual no se encontraba en una

condición anímica adecuada, y nos solicitó un término adicional para cumplir con lo ordenado. Ante esto, el 6 de septiembre de 2023, emitimos una *Resolución* mediante la cual le concedimos al abogado un término de veinte (20) días para que cumpliera con nuestra *Resolución* del 21 de agosto de 2023. Específicamente, le ordenamos que mostrara causa por la cual no debía ser suspendido de forma inmediata e indefinida de la práctica de la notaría por su reiterado incumplimiento con los requerimientos de la ODIN; le apercibimos que, de no comparecer en dicho término, se exponía a la imposición de sanciones disciplinarias severas, incluyendo la separación de la abogacía y la notaría; le indicamos que no se concederían prórrogas adicionales, y le advertimos que aún estaba transcurriendo un término de treinta (30) días para que atendiera las deficiencias señaladas por la ODIN.

El licenciado Nicot Santana compareció ante este Tribunal el 18 de septiembre de 2023 mediante una *Contestación a Orden de mostrar causa*, en la que reconoció haber incumplido con los requerimientos de la ODIN y ofreció sus más sentidas disculpas. Además, "consign[ó] su pesar por los actos incurridos y expres[ó] su contrición por los mismos".[4] El abogado mencionó que desde principios de 2023 su salud se había afectado, por lo que "concentró todas sus atenciones a la condición de salud, dejando en

---

[4]   Véase *Contestación a Orden de mostrar causa*, pág. 2.

planos inferiores otras consideraciones[,] entre ellas las notificaciones de ODIN".[5]

En cuanto a las deficiencias señaladas por la ODIN en su Informe de 16 de agosto de 2023, el licenciado Nicot Santana indicó que a la fecha en que se incautó su obra notarial el 22 de agosto de 2023 ya había finalizado el proceso de encuadernación de la misma. Asimismo, referente a la falta de cumplimiento con la presentación electrónica de los informes notariales, expresó que estaría en posición de cumplir con el requerimiento de dichos informes, para lo cual anunció "la contratación de un recurso externo para tramitar lo antes posible, por la v[í]a electrónica, los Índices Notariales y los Informes de Actividad Notarial pendientes".[6] Por último, el abogado manifestó que, aunque su acción u omisión conllevara la imposición de alguna sanción, consideraba que "la imposición de sanciones disciplinarias severas, incluyendo la separación del ejercicio de la notaría y de la abogacía, resultarían unas sanciones muy drásticas…".[7]

Al día siguiente, el 19 de septiembre de 2023, el Director de la ODIN presentó un *Informe sobre el estado de obra notarial incautada.* En éste, expresó que la obra protocolar pendiente de examen al momento de la incautación

---

[5]    Íd.

[6]    Véase *Contestación a Orden de mostrar causa*, pág. 3.

[7]    Íd., págs. 3-4.

el 22 de agosto de 2023 constaba de los tomos del Protocolo formados en los años naturales 2018 al 2022 (un tomo por año, respectivamente), así como el Volumen Tercero del Registro de Testimonios (Asientos Número 2160 al Número 2228). Asimismo, expuso que tanto el sello notarial como la obra protocolar fue entregada y depositada en el Archivo Notarial del Distrito Notarial de San Juan. Una vez concluido el examen de la obra notarial pendiente de aprobación, la Inspectora presentó su Informe el 11 de septiembre de 2023. Específicamente, ésta señaló deficiencias en los tomos del Protocolo relacionadas con ciertas notas de apertura incompletas, la omisión de la nota de saca y de la cancelación de sellos de rentas internas ($309.00), entre otras, así como deficiencias en el Registro de Testimonios. La Inspectora también expresó que el licenciado Nicot Santana adeudaba el Informe estadístico anual correspondiente a los años naturales 2019 al 2022, así como varios Informes de Actividad Notarial Mensual. De igual manera, indicó que el abogado debía proveer evidencia acreditativa del pago de la fianza notarial desde el 14 de julio de 2011 al 14 de julio de 2024.

Por todo lo anterior, el Director de la ODIN nos recomendó que le concediéramos al licenciado Nicot Santana un término de sesenta (60) días para encaminar el proceso de subsanación de la obra notarial, incluyendo la

cancelación de las deficiencias arancelarias mencionadas, y la presentación tanto de los Informes Notariales como la evidencia acreditativa del pago de fianza notarial, entre otros asuntos. En su Informe, el Director de la ODIN certificó que el abogado había subsanado los asuntos relacionados con el Volumen Tercero del Registro de Testimonios, el cual era uno de los asuntos que estaba pendiente por cumplir en conformidad con nuestra *Resolución* de 21 de agosto de 2023 y reiterado en nuestra *Resolución* de 6 de septiembre de 2023.

Por su parte, el 20 de septiembre de 2023, el licenciado Nicot Santana presentó ante este Tribunal su *Posición en torno a Informe sobre el estado de obra notarial incautada*. En particular, planteó que se había reunido con la Inspectora y pudo subsanar ciertas deficiencias señaladas por ésta en su Informe.

En ese misma fecha, el 20 de septiembre de 2023, emitimos una *Resolución* mediante la cual: (1) dimos por cumplida nuestra *Resolución* de 21 de agosto de 2023 en cuanto a que el abogado mostrara causa por la que no debía ser suspendido de la práctica de la notaría debido a su reiterado incumplimiento con los requerimientos de la ODIN, así como en cuanto a la atención de las deficiencias que impedían la aprobación del Volumen Tercero del Registro de Testimonios; (2) concedimos un término de sesenta (60) días para que el licenciado Nicot Santana encaminara el proceso

de subsanación de su obra notarial, incluyendo la cancelación de las deficiencias arancelarias, y la presentación de los Informes Notariales pendientes y la evidencia acreditativa del pago de fianza notarial; (3) apercibimos al abogado que, de no comparecer en el término concedido, se expondría a la imposición de sanciones disciplinarias severas, incluyendo la separación de la abogacía y la notaría, y (4) le ordenamos que notificara a la ODIN sobre los escritos presentados ante este Tribunal e incluyera la correspondiente certificación de notificación en cualquier moción futura que nos presentara.

Más adelante, el 14 de noviembre de 2023, el licenciado Nicot Santana nos presentó una *Solicitud de prórroga para la subsanación de incidentes notariales: AB-2022-0197, AB-2023-0118, TS-3544.* En síntesis, el abogado solicitó un término adicional para atender la subsanación de la obra notarial.[8]

El 17 de noviembre de 2023, el Director de la ODIN presentó una *Moción notificando cumplimiento parcial de Orden y en solicitud de remedios*. En ésta señaló que, a

---

[8] Según el licenciado Nicot Santana informó a este Tribunal, el término concedido en nuestra *Resolución* de 20 de septiembre de 2023 configía con las vacaciones familiares del abogado y su esposa pautadas para el periodo comprendido del 18 al 26 de noviembre de 2023. El abogado incluyó como anejos las copias del itinerario del crucero y de los boletos aéreos. Véase *Solicitud de prórroga para la subsanación de incidentes notariales: AB-2022-0197, AB-2023-0118, TS-3544*, pág. 2.

la fecha del 15 de noviembre de 2023, el licenciado Nicot Santana:

(a) canceló las deficiencias arancelarias notificadas en su obra incautada;

(b) subsanó todas las faltas señaladas en los Protocolos de los años 2018, 2019, 2020 y 2021, siendo [é]stos aprobados.

(c) inició la subsanación de los señalamientos que se formularon en relación con el Protocolo de 2022. Sin embargo, **queda pendiente por subsanar un señalamiento que requiere tiempo adicional,** el cual versa sobre un Testamento Abierto en el cual compareció como testigo una hija del Testador.

(d) **que no ha presentado la evidencia acreditativa** del pago de la Fianza Notarial para el periodo que discurre desde el 14 de julio de 2011 al 20 de septiembre de 2023, inclusive. Este solo proveyó evidencia del pago reciente efectuado para adquirir dicha fianza para el periodo que discurre del 21 de septiembre de 2023 al 20 de septiembre de 2024.

(e) **que no ha completado el proceso de presentación** de los Informes de Actividad Notarial adeudados a la ODIN. (Énfasis en el original).

En su moción, el Director de la ODIN nos recomendó conceder al licenciado Nicot Santana un término final e improrrogable de treinta (30) días para que culminara el proceso de subsanación de la obra notarial pendiente de aprobación, así como la presentación de los Informes Notariales adeudados y la evidencia acreditativa del pago de Fianza Notarial.

Así pues, el 21 de noviembre de 2023, emitimos una *Resolución* mediante la cual le concedimos al licenciado Nicot Santana un término de treinta (30) días para que continuara el proceso de subsanación de su obra notarial y

cumpliera con presentar los Informes Notariales adeudados y la evidencia acreditativa del pago de Fianza Notarial. A su vez, le apercibimos de la imposición de sanciones disciplinarias severas, incluyendo la separación de la abogacía y la notaría.

El 22 de diciembre de 2023, la ODIN presentó una *Moción notificando incumplimiento de orden y en solicitud de remedios*, en la cual expuso que el término concedido al abogado había vencido el 21 de diciembre de 2023. Además, indicó que el 27 de noviembre de 2023 el licenciado Nicot Santana se comunicó con la Inspectora para informarle que culminaría la subsanación de su obra notarial y cumpliría con todos los requerimientos de este Tribunal y de la ODIN. No obstante, la Inspectora confirmó que el abogado no se había comunicado con la ODIN para cumplir con nuestra *Resolución* de 21 de noviembre de 2023. Así pues, la ODIN solicitó que decretáramos la suspensión inmediata e indefinida del licenciado Nicot Santana del ejercicio de la notaría, así como que evaluáramos la imposición de sanciones disciplinarias severas. También recomendó que confiriéramos al abogado, una vez suspendido de la notaría, un término de treinta (30) días para que éste cumpliera con nuestra *Resolución* de 21 de noviembre de 2023 bajo el apercibimiento de que su incumplimiento conllevaría referir el asunto al Tribunal de Primera Instancia para el proceso de desacato civil.

El mismo 22 de diciembre de 2023, esto es un (1) día más tarde del término de treinta (30) días concedido por este Tribunal, el licenciado Nicot Santana presentó un *Informe sobre subsanación de deficiencias en obra notarial incautada*. En particular, indicó que había cancelado todas las deficiencias arancelarias pendientes; que presentó evidencia del pago de la fianza para el periodo que culmina el 20 de septiembre de 2024; que se aprobaron todos los Protocolos pendientes, formados para los años 2018, 2019, 2020, 2021 y 2022, y que presentó electrónicamente los *Informes de Actividad Notarial* adeudados a la ODIN. Ante esto, el 27 de diciembre de 2023, emitimos una *Resolución* en la que le concedimos a la ODIN un término de veinte (20) días para que se expresara en torno al *Informe sobre subsanación de deficiencias en obra notarial incautada presentado por el notario el 22 de diciembre de 2023*.

En cumplimiento de orden, el 28 de diciembre de 2023, el Director de la ODIN presentó una moción ante este Tribunal. En esencia, nos informó que hasta ese momento el licenciado Nicot Santana no se había comunicado con la Inspectora para encaminar el proceso de subsanación de la obra notarial incautada, según lo ordenado por este Foro; indicó que el abogado había omitido incluir los anejos a los cuales hizo referencia en la copia del escrito que depositó en el buzón del Registro General de Competencias Notariales de la ODIN, y sostuvo que, con excepción del

mes de junio de 2018, el licenciado Nicot Santana presentó de manera tardía los *Informes de Actividad Notarial Mensual* adeudados.

Además, en su *Moción en cumplimiento de orden,* el Director de la ODIN señaló que el abogado erró al informar que cumplió con la presentación de los *Informes de Actividad Notarial Anual* correspondientes a los años naturales 2019 al 2022, ya que la ODIN pudo confirmar en el Sistema Integrado Notarial (SIGNO) que las referidas plantillas fueron creadas, pero no presentadas; aseveró que, contrario a lo informado por el licenciado Nicot Santana, el tomo del Protocolo formado en el 2022 no fue aprobado por la Inspectora, ya que el abogado no había cumplido con entregar la copia certificada del instrumento público mencionado en su *Informe sobre subsanación de deficiencias en obra notarial incautada presentado por el notario el 22 de diciembre de 2023,*[9] y confirmó que sí se aprobaron los Protocolos formados en los restantes años (2018, 2019, 2020 y 2021). Finalmente, el Director de la ODIN afirmó que, si bien el licenciado Nicot Santana presentó evidencia acreditativa del pago de su fianza notarial para el periodo que comprende desde 2023 hasta

---

[9] Al respecto, el Director de la ODIN expresó que "[l]a copia certificada del Instrumento Público Número 16 autorizado el 21 de diciembre de 2023 ante el Lcdo. Luis Enrique Santiago Ramos no ha sido entregada a la ODIN. Se aclara que advinimos en conocimiento de su autorización en virtud de lo informado en el escrito presentado por el [licenciado Nicot Santana]". Véase *Moción en cumplimiento de orden* presentada por la ODIN el 28 de diciembre de 2023, pág. 2 esc. 1.

2024, éste no proveyó evidencia acreditativa del pago de la Fianza Notarial para el periodo desde el 14 de julio de 2011 al 14 de julio de 2023. Por lo tanto, recomendó que le concediéramos al abogado un término final para finiquitar los trámites pendientes ante la ODIN, so pena de ser suspendido de manera inmediata del ejercicio de la notaría y ser referido a un proceso de desacato civil ante el Tribunal de Primera Instancia.

## C. **Incidencias en el 2024**

El 4 de enero de 2024, emitimos una *Resolución* en la que le ordenemos al licenciado Nicot Santana notificar a la ODIN los anejos que debió incluir en su *Informe sobre subsanación de deficiencias en obra notarial incautada* presentado el 22 de diciembre de 2023, incluyendo la copia certificada de la Escritura Núm. 16 sobre Testamento Abierto otorgada el 21 de diciembre de 2023 ante el Lcdo. Luis Enrique Santiago Ramos. A su vez, le concedimos al abogado un término final de veinte (20) días para finiquitar los trámites pendientes ante la ODIN, bajo apercibimiento de que su incumplimiento podría conllevar su suspensión del ejercicio de la notaría y ser referido a un proceso de desacato civil ante el Tribunal de Primera Instancia.

**Transcurrido el término concedido al licenciado Nicot Santana sin que éste compareciera ante este Tribunal,** el 25 de enero de 2024, el Director de la ODIN presentó una

*Moción reiterando incumplimiento de orden.*   Junto a su moción, acompañó un *Informe sobre incumplimiento del Lcdo. Pedro Nicot Santana, TS-3544, con la Resolución emitida por el Tribunal Supremo el 4 de enero de 2024,* suscrito por la Inspectora.   En éste, se expuso lo siguiente en cuanto a la obra notarial incautada al abogado:

> (1) El tomo del Protocolo formado por el notario en el año 2022 no ha podido ser aprobado, toda vez que no ha presentado a la ODIN la evidencia relacionada al Instrumento Público Núm. 2 de 2022, sobre Testamento.
>
> (2) El notario no ha presentado en [SIGNO] los *Informes Estadísticos sobre Actividad Notarial Anual* de los años naturales 2019 al 2022, inclusive.
>
> (3) El letrado no ha presentado la evidencia acreditativa del pago de la Fianza Notarial que debió prestar para el periodo del 14 de julio de 2011 al 20 de septiembre de 2023, inclusive.
>
> (4) El notario no se ha comunicado con la Inspectora de Protocolos para cumplir con el mandato dictado por [este Tribunal].[10]

En su moción del 25 de enero de 2024, el Director de la ODIN nos recomendó decretar la suspensión inmediata e indefinida del ejercicio de la notaría del licenciado Nicot Santana y referir el asunto a un proceso de desacato civil ante el Tribunal de Primera Instancia.

Así pues, mediante *Resolución* emitida el 7 de febrero de 2024, le concedimos al abogado un **término final e**

---

[10] Véase *Moción en cumplimiento de orden* presentada por la ODIN el 25 de enero de 2024, págs. 1-2.

**improrrogable** de diez (10) días para que mostrara causa por la que: no debía decretarse su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por su reiterado incumplimiento y desidia tanto en el proceso de subsanación de su obra notarial incautada, como con las órdenes de este Tribunal, y (2) no debía ser referido al correspondiente proceso de desacato civil ante el Tribunal de Primera Instancia. **Dicha *Resolución* fue notificada personalmente al licenciado Nicot Santana el 8 de febrero de 2024.**

**Nuevamente vencido el término concedido al abogado sin que éste compareciera ante este Foro**, el 21 de febrero de 2024, el Director de la ODIN presentó una *Moción reiterando incumplimiento de Orden y en solicitud de remedios*. En síntesis, expuso que a esa fecha el estado de la obra notarial incautada al licenciado Nicot Santana permanecía en el mismo estado a aquel informado en su *Moción en cumplimiento de orden* del 28 de diciembre de 2023.

Al día siguiente, el 22 de febrero de 2024, el abogado presentó ante este Tribunal una *Réplica a moción reiterando incumplimiento de orden*, en la que expresó que: acompañaba copia certificada de la Escritura Núm. 16 sobre Testamento Abierto otorgada el 21 de diciembre de 2023 ante el Lcdo. Luis Enrique Santiago Ramos; los "referidos informes" fueron depositados en el buzón que se encuentra en el

Centro Judicial de San Juan y en esa misma fecha se presentaron en SIGNO los *Informes Estadísticos sobre Actividad Notarial Anual* de los años naturales 2019 al 2022 y aún no había podido obtener la evidencia acreditativa del pago de la Fianza Notarial para el periodo del 14 de julio de 2011 al 20 de septiembre de 2023, inclusive, por parte del Fondo de Fianza Notarial del Colegio de Abogados y Abogadas de Puerto Rico, pero que continuaba en dichas gestiones.

Más adelante, el 26 de febrero de 2024, el Director de la ODIN presentó una moción para reaccionar al escrito presentado por el licenciado Nicot Santana. De entrada, manifestó que aun cuando el abogado certificó a este Tribunal haber notificado su *Réplica a moción reiterando incumplimiento de orden* del 22 de febrero de 2024 a la ODIN, esto no ocurrió y con ello contravino la Regla 39(b) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 39(b). Asimismo, **expresó que no era correcto ni cierto lo informado por el abogado en su escrito de réplica** en cuanto a que había cumplido y atendido los asuntos que impedían la aprobación de la obra notarial incautada.[11] Al respecto, el Director de la ODIN se reiteró en lo expuesto en mociones previas sobre el estatus de incumplimiento por parte del licenciado Nicot Santana con los requerimientos

---

[11] Véase *Reacción de la ODIN al escrito titulado Réplica a moción reiterando incumplimiento de orden*, pág. 1.

de dicha dependencia para finiquitar el proceso de examen de su obra notarial. En particular, mencionó que el abogado:

(1) no ha hecho entrega de la copia certificada del Testamento Abierto que alega fue autorizado ante el Notario Luis E. Santiago Ramos;

(2) no ha presentado los Informes Estadísticos Anuales de Actividad Notarial correspondiente[s] a los años naturales 2019 al 2022, inclusive, como tampoco el Informe de Actividad Notarial Mensual correspondiente al mes de junio de 2018, y

(3) tal como reconoce en su escrito de Réplica, no ha presentado a la ODIN la evidencia acreditativa del pago de su fianza notarial para el periodo del 14 de julio de 2011 al 20 de septiembre de 2023, inclusive, poniendo en riesgo los negocios jurídicos instrumentados y documentos privados legitimados en poco más de una década de ejercer la profesión en craso incumplimiento de la obligación dispuesta en el Artículo 7 de la Ley Notarial. (Énfasis y escolios omitidos).[12]

Así las cosas, el Director de la ODIN nos solicitó que: (1) decretáramos la suspensión inmediata e indefinida del abogado del ejercicio de la notaría; (2) evaluáramos si procedía la suspensión del licenciado Nicot Santana del ejercicio de la abogacía, según fue apercibido; (3) refiriéramos al abogado a un procedimiento de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan, y (4) emitiéramos cualquier otro pronunciamiento que proceda en Derecho.

---

[12]  Íd., pág. 2.

A la luz de los hechos expuestos, procedemos a esbozar el derecho aplicable previo a disponer del asunto ante nuestra consideración.

## II

Como parte esencial de nuestra facultad para regular la profesión legal en Puerto Rico, este Tribunal viene obligado a asegurarse que los profesionales del Derecho que son admitidos al ejercicio de la abogacía y la notaría realicen sus funciones de forma competente, responsable y diligente. *In re* Montañez Morales, 2023 TSPR 111, 212 DPR ___ (2023); *In re* Meléndez Artau, 2023 TSPR 60, 212 DPR ___ (2023); *In re* Colón Olivo I, 211 DPR 55, 62 (2023); *In re* Lewis Maymó, 205 DPR 397, 402 (2020).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que todos los miembros de la profesión jurídica se conduzcan ante los tribunales con una conducta que se caracterice por el mayor respeto. *In re* Lajara Radinson, 207 DPR 854, 863 (2021); *In re* Cintrón Rodríguez, 205 DPR 299, 308 (2020); *In re* Alers Morales, 204 DPR 515, 519 (2020). Según dicho mandato, hemos insistido en el ineludible deber que tienen todos los abogados de cumplir con diligencia y prontitud las órdenes de este Tribunal, en particular cuando se trata de procesos disciplinarios. *In re* Wilamo Guzmán, 2023 TSPR 61, 212 DPR ___ (2023); *In re* Bauzá Tirado, 211 DPR 633, 635 (2023); *In re* Maldonado

Trinidad, 209 DPR 1032 (2022); *In re* Bermúdez Tejero, 206 DPR 86, 94 (2021).

Asimismo, hemos indicado que ese deber de cumplir con nuestras órdenes se extiende a los requerimientos realizados por la Oficina del Procurador General, la Oficina de Inspección de Notarías y el Programa de Educación Jurídica Continua. *In re* Bermúdez Tejero, *supra*, pág. 94; *In re* Malavé Haddock, 207 DPR 573, 582 (2021). Según lo antes expuesto, hemos catalogado la desatención de nuestras órdenes por parte de los abogados como una afrenta a la autoridad de los tribunales, lo que significa una violación al Canon 9 del Código de Ética Profesional, *supra*, y dicha conducta es suficiente para decretar la separación inmediata e indefinida de la profesión legal. *In re* Colón Olivo I, *supra*; *In re* Bermúdez Tejero, *supra*, pág. 95; *In re* López Pérez, 201 DPR 123, 126 (2018).

III

De acuerdo con los hechos reseñados, conviene puntualizar que para octubre de 2022 comenzó el trámite tortuoso de la ODIN con miras a poder examinar la obra notarial autorizada por el licenciado Nicot Santana durante los años naturales 2018 al 2021. Allí inició el entramado de vueltas y rodeos por parte del abogado con relación a su obra pendiente de inspección. Mientras la ODIN generaba esfuerzos para coordinar las fechas de reuniones, enviaba comunicaciones por vía electrónica y telefónica, y

realizaba citaciones formales al abogado, este último comenzó a exhibir un patrón de incumplimiento con los requerimientos de la ODIN.

A principios de 2023, el licenciado Nicot Santana continuó con la racha de incumplir con los requerimientos de la ODIN referente a su obra protocolar autorizada durante los años naturales 2018 al 2022. Valga mencionar que la ODIN lo catalogó como un "proceso accidentado del examen de [la] obra protocolar que [éste] custodia[ba]",[13] esto a pesar de las diversas oportunidades que se le brindaron, así como las múltiples exhortaciones para que cumpliera con su obligación como abogado-notario.

Ante ese cuadro de incumplimiento, el 21 de agosto de 2023, a solicitud del Director de la ODIN, ordenamos la incautación de la obra protocolar y el sello notarial del licenciado Nicot Santana. Una vez incautada la obra protocolar, a partir de agosto de 2023 comenzó una nueva ola de incumplimientos (esta vez ante las órdenes de este Tribunal), así como de solicitudes de prórroga para cumplir con lo ordenado en diversas resoluciones.

Durante ese proceso, en septiembre de 2023, el abogado reconoció haber incumplido con los requerimientos de la ODIN y ofreció sus disculpas a este Foro, y en noviembre de 2023 la ODIN nos informó que éste había cumplido

---

[13] Véase *Informe Especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios*, pág. 6.

parcialmente con lo ordenado, pero aún debía completar los trámites de subsanación de la obra notarial incautada.

Entre enero y febrero de 2024, concedimos dos (2) oportunidades al licenciado Nicot Santana para finiquitar los trámites pendientes ante la ODIN, pero éste no compareció en los términos provistos. En particular, la *Resolución* del 7 de febrero de 2024 -notificada personalmente el 8 de febrero de 2024- concediendo al abogado un término de diez (10) días, contado a partir de la *Resolución*, establecía **<u>expresamente</u>** lo siguiente: (1) que era un término final e improrrogable, y (2) que mostrara causa por la cual no debía decretarse su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por su reiterado incumplimiento tanto con el proceso de subsanación de la obra notarial incautada como con las órdenes de este Tribunal, así como para no ser referido al proceso de desacato civil ante el Tribunal de Primera Instancia. **A pesar del lenguaje claro y específico de nuestra *Resolución*, el licenciado Nicot Santana -nuevamente y fuera del término provisto- nos solicitó un término adicional.**

En primera instancia, ante la ODIN, y posteriormente, ante este Tribunal, se confirieron múltiples oportunidades para que el abogado cumpliera con los requerimientos relativos a la subsanación de la obra notarial incautada. Todas esas oportunidades concedidas al licenciado Nicot

Santana tenían como propósito el que éste se condujera con diligencia en el cumplimiento de sus obligaciones, pero pudo más su indiferencia y su desinterés en cumplir con los requerimientos de la ODIN y los diversos mandatos de este Foro. De ninguna manera esa conducta mostrada por el abogado durante meses puede ser avalada y mucho menos respaldada por este Tribunal.

Evidentemente, el licenciado Nicot Santana ha incurrido en un claro incumplimiento con los postulados del Canon 9 del Código de Ética Profesional, *supra*, al desatender las órdenes de este Tribunal. Ese comportamiento denota un incumplimiento voluntario que se aleja de la conducta de respeto hacia los tribunales que requiere el Canon 9 del Código de Ética Profesional, *supra*, a todos los miembros de la profesión jurídica. Ante esa realidad, y según el poder inherente de reglamentar el ejercicio de la abogacía que ostenta este Foro, procedemos a decretar la suspensión inmediata e indefinida del licenciado Nicot Santana del ejercicio de la abogacía y la notaría.

## IV

Por las razones antes esbozadas, suspendemos de forma inmediata e indefinida al Lcdo. Pedro Nicot Santana del ejercicio de la abogacía y la notaría. En consecuencia, el señor Nicot Santana deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes

los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, así como deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. A su vez, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a los cuales les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

En vista de que el 26 de septiembre de 2023 el señor Nicot Santana presentó una *Moción informativa* sobre la prestación de una fianza notarial, se aprueba dicha fianza expedida por el Colegio de Abogados y Abogadas de Puerto Rico efectiva a partir del 21 de septiembre de 2023. No obstante, en virtud de la suspensión inmediata del ejercicio de la notaría, la mencionada fianza queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Por otra parte, se refiere al señor Nicot Santana a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Por último, debido a la suspensión ordenada mediante esta Opinión *Per Curiam*, se ordena el archivo administrativo de las Quejas AB-2022-197 y AB-2023-118 hasta que este Tribunal disponga otra cosa.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Pedro Nicot Santana                    TS-3544          Conducta
                                                        Profesional

SENTENCIA

En San Juan, Puerto Rico a 7 de marzo de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, suspendemos de forma inmediata e indefinida al Lcdo. Pedro Nicot Santana del ejercicio de la abogacía y la notaría.

En consecuencia, el señor Nicot Santana deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, así como deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. A su vez, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a los cuales les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

En vista de que el 26 de septiembre de 2023 el señor Nicot Santana presentó una *Moción informativa* sobre la prestación de una fianza notarial, se aprueba dicha fianza expedida por el Colegio de Abogados y Abogadas de Puerto Rico efectiva a partir del 21 de septiembre de 2023. No obstante, en virtud de la suspensión inmediata del ejercicio de la abogacía y la notaría, la mencionada fianza queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Por otra parte, se refiere al señor Nicot Santana a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Por último, debido a la suspensión ordenada mediante esta Opinión *Per Curiam*, se ordena el archivo administrativo de las Quejas AB-2022-197 y AB-2023-118 hasta que este Tribunal disponga otra cosa.

Notifíquese personalmente y por correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Kolthoff Caraballo no intervinieron.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo