EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Héctor R. Díaz Vanga <br> (TS-15,464) | 2024 TSPR 1 <br><br> 213 DPR ___ |

Número del Caso: AB-2022-0120

Fecha: 3 de enero de 2024

Oficina del Procurador General:

    Lcdo. Omar Andino Figueroa
    Subprocurador General

    Lcda. Yaizamarie Lugo Fontánez
    Procuradora General Auxiliar

    Lcda. Melanie M. Mercado Méndez
    Procuradora General Auxiliar

 Abogado del Promovido:

    Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por su incumplimiento con los requerimientos del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>Héctor R. Díaz Vanga<br><br>(TS-15,464) | AB-2022-0120 | |

*PER CURIAM*

En San Juan, Puerto Rico, a 3 de enero de 2024.

Nuevamente ejercemos nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones.

I

El Lcdo. Héctor R. Díaz Vanga (licenciado Díaz Vanga) fue admitido al ejercicio de la abogacía el 23 de agosto de 2005.[1]

El 21 de junio de 2022, la Sra. Arelis Rivera Colón presentó una queja contra el licenciado Díaz Vanga. Sostuvo que este fue contratado para asistir y representar a su hijo mayor de edad, el Sr. Danny Torres Rivera. No obstante, indicó que el letrado no respondió a sus llamadas ni mensajes

---

[1] El Lcdo. Héctor R. Díaz Vanga fue suspendido indefinidamente del ejercicio de la abogacía el 30 de noviembre de 2018 y reinstalado el 9 de mayo de 2019.

y que tampoco devolvió los $3,500 dólares que le fueran pagados a pesar de no rendir sus servicios.

Por otro lado, el promovido compareció y puntualizó que su cliente era el señor Torres Rivera, que fue con este con quien mantuvo comunicación, a quien brindó consejo profesional y realizó gestiones en su representación. Por ello, sostuvo que no tenía ninguna obligación de dar información a la señora Rivera Colón.

Así las cosas, la Oficina del Procurador General emitió un Informe el 16 de marzo de 2023. En este expresó que ante la incomparecencia del señor Torres Rivera, no contaba con prueba para rebatir lo alegado por el promovido con relación a su representación ni para evaluar la cantidad retenida por sus servicios. No obstante, en vista de que el licenciado Díaz Vanga valoró su gestión profesional en $2,500 y reconoció que estuvo dispuesto a devolver a su cliente $1,000 al culminar la relación profesional, concluyó que el promovido no podía retener los $1,000 y que se apartó de los Cánones 20 y 23 del Código de Ética Profesional, 4 LPRA Ap. IX, por no devolver los honorarios pagados por servicios no prestados.

Así las cosas, mediante Resolución de 24 de marzo de 2023 le concedimos al licenciado Díaz Vanga un término de veinte (20) días para expresarse sobre el Informe de la Oficina del Procurador General, con el apercibimiento de que transcurrido ese término, se entendería que se allanaba a las recomendaciones en él presentadas. Ante la

incomparecencia del licenciado Díaz Vanga, el 26 de mayo de 2023 le ordenamos a devolver a su cliente la cantidad de $1,000 dólares que había indicado que le devolvería y a acreditar su cumplimiento. Le indicamos que entonces archivaríamos la queja ante nuestra consideración. No obstante, nuevamente nos vimos obligados a emitir una Resolución el 20 de julio de 2023 concediéndole un término de diez (10) días para informar sobre las gestiones realizadas para devolver los honorarios no devengados a su cliente. Tras su incomparecencia, emitimos una Resolución el 10 de octubre de 2023 otorgándole un término final e improrrogable de diez (10) días para cumplir con nuestras órdenes. Además, se le apercibió que su incumplimiento podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la profesión. Esta resolución fue notificada personalmente al licenciado Díaz Vanga el 13 de octubre de 2023, quien a la fecha no ha comparecido.

## II

El Código de Ética Profesional constituye las normas mínimas que fijan la conducta que la sociedad le exige a los miembros del foro. Preámbulo de los Cánones de Ética Profesional, 4 LPRA Ap. IX. Por lo tanto, incumplir con los deberes que impone la ley y el ordenamiento ético acarrea sanciones disciplinarias. *In re Irizarry Irizarry*, 190 DPR 368 (2014).

Específicamente, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que todo abogado deberá

observar hacia los tribunales una conducta que se caracterice por el mayor respeto. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, por lo que debe responder oportuna y diligentemente a nuestros requerimientos, particularmente cuando se trata de procedimientos sobre su conducta profesional. *In re Carmona Rodríguez*, 206 DPR 863 (2021); *In re Bello Rivera,* 192 D.P.R. 812 (2015).

Además, reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales, pues demuestra menosprecio hacia nuestra autoridad e infringe las disposiciones del Canon 9. *In re Lajara Radinson*, 207 DPR 854, 863 (2021).

Asimismo, hemos advertido que procede la suspensión inmediata e indefinida del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re Carmona Rodríguez*, supra; *In re Alers Morales*, 204 DPR 515 (2020).

III

Según relatáramos, el licenciado Díaz Vanga no ha cumplido con nuestros requerimientos. No hizo esto, a pesar de que se le apercibiera que su incumplimiento podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la profesión, y de que fuera notificado personalmente. Sin embargo, el licenciado Díaz Vanga no ha comparecido.

Durante el trámite disciplinario, el licenciado Díaz Vanga reconoció que debía devolver $1,000 a su cliente. No obstante, se ha mostrado indiferente a nuestra orden de devolver tal suma de dinero y acreditar su cumplimiento. Esa conducta es incompatible con el ejercicio de la profesión.

En vista de su desatención con nuestras órdenes, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. En consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Héctor R. Díaz Vanga<br><br>(TS-15,464) | AB-2022-0120 |

SENTENCIA

En San Juan, Puerto Rico, a 3 de enero de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam que antecede* y en vista de su desatención con nuestras órdenes, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. En consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García y el Juez Asociado señor Estrella Martinez no intervinieron.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo