Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| HARRISON RAMÍREZ JUSINO; ASOCIACIÓN DE PESCADORES UNIDOS DE LA PARGUERA, INC.<br><br>Apelante<br><br>v.<br><br>MUNICIPIO DE LAJAS; JAYSON MARTÍNEZ MALDONADO, EN SU CARÁCTER PERSONAL Y COMO ALCALDE DE LAJAS; FULANA DE TAL ESPOSA DE JAYSON MARTÍNEZ Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA ENTRE AMBOS; COMPAÑÍA DE SEGUROS X, Y; RAMERTO HERNÁNDEZ Y FULANA DE TAL Y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR AMBOS; ANÍBAL SANTIAGO Y FULANA DE TAL ESPOSA DE ANÍBAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; MENGANO DE TAL, SUTANO DE TAL<br><br>Apelada | KLAN202300911 | Apelación procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Sobre: Injunction, Interdicto Preliminar y Permanente, Daños y Perjuicios Contractuales y Extracontractuales, Interferencia Torticera Contractual, Dolo Contractual<br><br>Caso Número: MZ2023CV00707 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de marzo de 2024.

El apelante, señor Harrison Ramírez Jusino, comparece ante nos para que dejemos sin efecto la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Mayagüez, el 7 de agosto de 2023, notificada el 9 de agosto de 2023. Mediante la misma, el foro primario desestimó una demandada sobre *injunction*, interdicto

preliminar y permanente y daños y perjuicios contractuales y extracontractuales, promovida en contra de, entre otros, el Municipio de Lajas, su Alcalde, señor Jayson Martínez Maldonado y los señores Ramberto Hernández y Aníbal Santiago.

Por los fundamentos que expondremos a continuación, se modifica la sentencia apelada, a los fines de dejar sin efecto la desestimación emitida en cuanto a la causa de acción sobre daños y perjuicios extracontractuales.

**I**

El 6 de mayo de 2023, el apelante presentó la demanda de epígrafe. En la misma, alegó operar una pescadería y una cafetería en La Villa Pesquera de La Parguera desde el año 2017, para lo cual, sostuvo, contaba con un endoso del municipio de Lajas, con fecha del 13 de enero de 2020. Conforme expuso, el 27 de abril de 2021, el actual Alcalde del Municipio, el señor Jayson Martínez Maldonado, avaló el endoso de referencia, permitiendo al apelante continuar en la posesión, dominio y operación del establecimiento, ello "sin fecha de terminación".[1]

En su demanda, los apelantes indicaron que, para el verano del 2022, el Alcalde Martínez Maldonado hizo ciertos acercamientos para que le cediera la operación de la cafetería, por conducto de una tercera persona, y para que utilizara ilegalmente las conexiones de agua y electricidad de la propiedad. El apelante indicó haberse negado a la referida propuesta, hecho que, según sostuvo, desató un esquema de persecución política y maliciosa en su contra, la cual consistió en la continua solicitud de desalojo del local, así como en el envío de funcionarios del Municipio para investigar sus negocios. En dicho contexto, arguyó que los apelados Hernández y Santiago, en común acuerdo con el Alcalde Martínez Maldonado, dieron curso

---

[1] Véase: Apéndice, Anejo 3, *Segunda Demanda Enmendada*, pág. 23.

a un patrón de amenazas en su contra y colocaron cadenas con candados en el muelle donde desembarcaba su mercancía, redundando ello en provocarle pérdidas económicas.

En el pliego, el apelante indicó que, el 16 de febrero de 2023, el Alcalde Martínez Maldonado suscribió un contrato de arrendamiento respecto a las facilidades de La Villa Pesquera, todo sin considerarlo. Según sostuvo, el 19 de abril siguiente, recibió una misiva suscrita por el Funcionario, requiriéndole el desalojo del local en el que operaba su negocio, así como la entrega de las llaves correspondientes. Sobre dicho particular, se reafirmó en su alegado derecho de propiedad sobre el mismo y, a su vez, expresó que, desde que "el municipio de Lajas y el Departamento de Agricultura le cedieron [...] La Villa Pesquera"[2], el control, dominio, reparaciones y todos los gastos de mantenimiento habían sido satisfechos con su peculio.

A tenor con todo lo expuesto, el apelante solicitó al tribunal primario que, dada la restricción del ejercicio de su alegado derecho de dominio sobre el lugar en controversia, emitiera una orden de interdicto preliminar y permanente exigiendo a los apelados desistir de interrumpir el acceso a su negocio en La Villa Pesquera, así como de interferir con la operación de los mismos. De igual modo, solicitó que se impusiera a los apelados el pago solidario de una compensación por concepto de daños y perjuicios.

Así las cosas, el 13 de junio de 2023, el Departamento de Agricultura de Puerto Rico (Departamento de Agricultura), presentó una *Moción de Intervención*. En esencia, alegó ser el propietario de las facilidades de La Villa Pesquera, cuya administración cedió, contractualmente, a favor del Municipio de Lajas. Bajo el argumento de que la causa de autos disputaba el efectivo derecho del Municipio

---

[2] *Íd.*, pág. 24.

de Lajas en cuanto a administrar el lugar en controversia, el referido organismo expuso que su presencia en el pleito resultaba meritoria. Así, al amparo de lo dispuesto en la Regla 21.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 2.1, solicitó al Tribunal de Primera Instancia que se le permitiera intervenir. Mediante *Orden* de igual fecha, se proveyó de conformidad con lo requerido.

El 26 de junio de 2023, el Municipio apelado presentó una *Moción en Solicitud de Desestimación e Improcedencia del Injunction y en Solicitud de Sentencia Declaratoria.* Específicamente, planteó que el apelante carecía de autorización legítima para operar La Villa Pesquera, toda vez que, el endoso en el cual apoyó su alegado derecho de propiedad, no cumplía con las formalidades contractuales requeridas por el Código Municipal de Puerto Rico, Ley 107-2020, 21 LPRA sec. 7001, *et seq.* Por igual, el Municipio apelado expresó que, si bien administraba La Villa Pesquera en virtud de un contrato de arrendamiento suscrito con el Departamento de Agricultura, no tenía autorización para ceder, subarrendar o transferir a otra persona, natural o jurídica, el manejo y uso del lugar. De este modo, y tras negar todas las alegaciones del apelante, el Municipio apelado indicó que el apelante carecía de remedio alguno en ley, por lo que solicitó la desestimación de la demanda de epígrafe.

Por su parte, en igual fecha, el Departamento de Agricultura presentó una *Moción de Desestimación.* En la misma, reputó como improcedente el *injunction* solicitado por el apelante, ello al indicar que este disponía de otros remedios legales para hacer valer su reclamo sobre incumplimiento contractual y daños. Del mismo modo, indicó que el apelante no tenía contrato alguno que validara la posesión que ostentaba sobre las facilidades pertinentes en La Villa Pesquera, hecho que revelaba la ilegalidad de la misma. Al respecto, expresó que el endoso municipal en virtud del cual el

apelante apoyaba su alegado derecho de propiedad, incumplía con los criterios exigidos para la contratación gubernamental, así como con el contrato de arrendamiento por el cual cedió al Municipio apelado la administración de La Villa Parguera. De esta forma, y tras destacar que el apelante estaba disfrutando de la propiedad en controversia, sin pagar canon alguno, solicitó que se desestimara el pleito de autos y que se emitiera una sentencia declaratoria ordenando el correspondiente desalojo y estableciendo su derecho sobre La Villa Pesquera.

Por su parte, también el 26 de junio de 2023, y mediante moción a los efectos, los apelados Hernández y Santiago solicitaron la desestimación de la causa de epígrafe. A tales fines, indicaron que el apelante no justificó los criterios requeridos para su solicitud de *injunction*, que no estableció su derecho a recibir remedio alguno en ley y que no expuso hechos concretos sobre la conducta que se alegó en su contra.

El apelante no presentó sus argumentos en oposición a las antedichas solicitudes de desestimación.

Así las cosas, el 9 de agosto de 2023, el Tribunal de Primera Instancia notificó la *Sentencia* apelada. Mediante la misma, acogió los argumentos de desestimación de referencia y resolvió que, en efecto, el apelante carecía de causa de acción alguna a su favor. El foro sentenciador dispuso que, de la faz de la demanda, no surgía alegación alguna por parte del apelante en cuanto a que, por no disponer de algún remedio adecuado en ley, se hacía meritoria la concesión del *injunction* solicitado. Añadió que el apelante se ciñó a aducir que las actuaciones de los apelados le produjeron daños económicos, hecho que, a su juicio, lo eximía de cumplir con el criterio de probar la ocurrencia de un daño real. A su vez, el tribunal primario dispuso que, pese a que el apelante se reafirmó en que ostentaba el derecho de propiedad respecto al lugar en disputa, este

no presentó documento alguno que controvirtiera el hecho indefectible de la inexistencia de un contrato alguno suscrito con el Municipio apelado, o con el Departamento de Agricultura. A tenor con ello, el Juzgador de hechos destacó que el endoso que en su día se concedió al apelante, no cumplía con las formalidades contractuales requeridas, por lo que ningún derecho derivó del mismo. Así, el Tribunal de Primera Instancia resolvió la improcedencia de los remedios solicitados por el apelante y, en consecuencia, desestimó, en su totalidad, la demanda de epígrafe.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 13 de octubre de 2023, el apelante compareció ante nos mediante el presente recurso de apelación. En el mismo plantea el siguiente señalamiento:

> Erró el Tribunal de Primera Instancia, Sala Superior de Mayagüez, al desestimar la demanda y declarar No Ha Lugar la reconsideración sin tomar en cuenta la existencia de hechos en controversia que ameritaban descubrimiento de prueba sin darle la oportunidad al demandante a tener su día en corte y a sabiendas que el demandado Jayson Martínez no contestó la demanda ni levantó defensas sobre hechos bien alegados.

Luego de examinar el expediente de autos, procedemos a expresarnos.

**II**

**A**

El recurso extraordinario de *injunction* es un mandamiento judicial en virtud del cual se requiere que se ordene a una persona que se abstenga de hacer, o de permitir que se haga, determinada cosa que infrinja o perjudique el derecho de otra. Art. 675, del Código de Enjuiciamiento Civil de PR, 32 LPRA sec. 3521. El mismo fue adoptado del sistema de equidad inglés y se utiliza, principalmente, en casos donde no hay otro remedio adecuado en ley, todo con el fin de evitar la ocurrencia de un daño inminente. *Plaza Las Américas v. N & H,* 166 DPR 631, 643 (2005).

Nuestro ordenamiento jurídico distingue tres modalidades del recurso de *injunction.* a saber: el entredicho provisional, el *injunction* preliminar y el *injunction* permanente. *Next Step Medical v. Bromedicon et al.,* 190 DPR 474, 485-486 (2014). En lo pertinente, el *injunction* preliminar es el remedio provisional emitido en cualquier momento de un pleito, luego de la celebración de una vista en la que las partes puedan presentar prueba en apoyo a su argumento. Su fin medular es mantener sin alteración la situación planteada, hasta tanto culmine el juicio en su fondo. La orden *injunction* preliminar evita que la conducta del demandado convierta en académica la sentencia o que ocasione daños mayores a quien lo solicita durante la pendencia del litigio. *Mun. Ponce v. Gobernador,* 136 DPR 776, 784 (1994).

La Regla 57.3 de Procedimiento Civil, establece los criterios que el tribunal debe considerar al evaluar la procedencia de un *injunction* preliminar, a saber: (1) la naturaleza de los daños a los que está expuesta la parte peticionaria de concederse o denegarse el *injunction*; (2) la irreparabilidad o la existencia de un remedio adecuado en ley; (3) la probabilidad de que la parte promovente prevalezca eventualmente al resolverse el litigio en su fondo; (4) la probabilidad de que la causa se torne académica de no concederse el *injunction;* (5) el posible impacto sobre el interés público del remedio que se solicita; y (6) la diligencia y la buena fe con que ha actuado la parte peticionaria. 32 LPRA Ap. V, R. 57.3; *Asociación Vec. V Caparra v. Asoc. Fom Educ.*, 173 DPR 304, 319-320 (2008).

Por su parte, la norma dispone que los tribunales deben emplear los siguientes criterios en la evaluación de la expedición de un *injunction* permanente: 1) si el demandante ha prevalecido o puede prevalecer en un juicio en sus méritos; (2) si el demandante posee algún remedio adecuado en ley o si el *injunction* es el único del cual dispone para vindicar su derecho; (3) el interés público

afectado y; (4) el balance de equidades entre todas las partes. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008); *Mun. De Loíza v. Sucs. Suárez et al.,* 154 DPR 333, 367 (2001).

Ahora bien, todos los requisitos antes expuestos, tanto los promulgados por la jurisprudencia interpretativa vigente, como los enumerados en las Reglas de Procedimiento Civil, *supra,* no son absolutos, sino directrices que emplea el tribunal al momento de decidir si la evidencia ante sí presentada justifica la concesión de un recurso de *injunction. Next Step Medical Co. v. Bromedicon, Inc.,* supra, pág. 487. Por tanto, dicha determinación es una inherente a la sana discreción del tribunal, considerando, tanto los intereses, como las necesidades de las partes involucradas en el caso. *Íd.* El recurso de *injunction* debe expedirse con mesura y únicamente ante una demostración clara e inequívoca de una violación de un derecho. *Íd.* La determinación que al respecto en su día emita el tribunal de hechos, no se revocará en apelación salvo se demuestre que este transgredió los límites impuestos a sus facultades adjudicativas. *Íd.*

**B**

De otro lado, nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 121 (1992). El empleo de los recursos adjudicativos en nuestra jurisdicción se fundamenta en la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *SLG*

*Sierra v. Rodríguez,* 163 DPR 738, 746 (2005). En este contexto, la posición doctrinaria en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los tribunales. *Imp. Vilca, Inc. v. Hogares Creas Inc.,* 118 DPR 679, 686-687 (1987).

Ahora bien, la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5), provee para que una parte solicite al foro competente la desestimación de un pleito incoado en su contra, bajo el fundamento de que la reclamación en controversia no justifica la concesión de un remedio. *Costas Elena y otros v. Magic Sport Culinary,* 2024 TSPR 1, 213 DPR ___ (2024). Esta defensa "no está sujeta a la regla general sobre acumulación y renuncia de defensas" establecida en el ordenamiento procesal, y "puede aducirse en cualquier alegación responsiva, en una moción para que se dicte sentencia por las alegaciones e, incluso, luego de comenzado el juicio". *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1067 (2020). En atención a la política pública antes expuesta, para que el referido mecanismo de desestimación proceda en derecho, presupone que se den por correctos y bien alegados los hechos incluidos en la demanda, así como que los mismos se expongan de forma clara y concluyente, sin que de su faz se desprenda margen alguno a dudas. *Costas Elena y otros v. Magic Sport Culinary,* supra; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* supra, pág. 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 504-505 (1994).

De igual forma, el pliego de que trate deberá ser interpretado con mayor liberalidad a favor de las alegaciones de la parte demandante, por lo que, recayendo la carga probatoria en el promovente de la moción de desestimación, este viene obligado a demostrar que aquel no tiene derecho a remedio alguno al amparo

de los hechos que puedan ser probados en apoyo a su requerimiento. *Dorante v. Wrangler of P.R.,* 145 DPR 408, 414 (1998). En este supuesto, la función judicial estriba en determinar si, aun resolviendo toda incertidumbre en beneficio de la parte demandante, su demanda es suficiente para constituir una reclamación válida. *Pressure Vessels PR v. Empire Gas PR,* supra, pág. 505.

La desestimación de una demanda por razón de no exponer una causa de acción que justifique un remedio constituye una actuación excepcional. La norma exige que la misma se considere en sus méritos, salvo quede plenamente evidenciado que el reclamante carece de amparo legal a la luz de los hechos que presenta. *Aut. Tierras v. Moreno & Ruiz,* supra, págs. 428-429; *Clemente v. Depto. de la Vivienda,* 114 DPR 763, 771 (1983).

**III**

En la presente causa, el apelante alega que el Tribunal de Primera Instancia erró al desestimar su causa de acción, ello sin considerar que sus alegaciones ameritaban un descubrimiento de prueba que le permitiera ejercer su derecho a tener su día en corte. En apoyo a su argumento, plantea que el foro primario incidió al no considerar la naturaleza de los daños aducidos, así como al disponer del asunto como si se tratara de una solicitud de sentencia sumaria, y al fundamentarse en la ausencia de oposición respecto a las desestimaciones solicitadas. Habiendo examinado el referido señalamiento a la luz de la norma y de los hechos acontecidos, resolvemos modificar la *Sentencia* apelada y, así, la misma se confirma.

Al entender sobre el expediente de autos, intimamos que el pronunciamiento apelado, si bien es uno correcto en derecho, ello en cuanto a la desestimación de la solicitud de *injunction* promovida por el apelante, amerita ser modificado solo respecto a la

desestimación de la causa de acción de daños y perjuicios. Ciertamente, tal cual dispuso el Tribunal de Primera Instancia, en el presente caso, no concurren los criterios legales y doctrinales establecidos para el empleo del mecanismo excepcional del *injunction.* A fin de prevalecer en dicho petitorio, el apelante no alegó la inexistencia de remedio legal alterno al solicitado, de modo que pudiera establecer ante el tribunal que habría de sufrir un daño irreparable y sustancial de no proveerse conforme su solicitud. Por tanto, en defecto de la concurrencia de dicho requisito, forzoso es concluir que dicho reclamo era improcedente.

Ahora bien, nuestro criterio difiere de lo resuelto por el tribunal sentenciador en cuanto a los daños y perjuicios extracontractuales reclamados en los términos aducidos por el apelante. En principio, coincidimos con que, el apelante no alegó ni demostró tener un contrato válido en el cual se constate su alegado derecho de propiedad sobre las facilidades de La Villa Pesquera. Sin embargo, aun cuando la potencial validez de su posesión sobre el lugar en disputa no quedó sostenida, el apelante aludió a conductas específicas atribuidas a los demandados que, conforme expuestas, propenden a la posibilidad de que haya sufrido unos daños. En específico, el apelante indicó haber sido víctima de amenazas, entorpecimiento e interferencia ilegítimas en la operación de su negocio y conspiración entre los apelados, todo con el fin de ocasionarle pérdidas económicas. A nuestro juicio, las alegaciones expuestas, eran suficientes a los fines de que el tribunal primario proveyera para que se diera curso a las etapas pertinentes al pleito, de modo que la causa de epígrafe fuera debidamente dilucidada en corte. Además, resulta menester destacar que ninguna de las mociones presentadas por los aquí apelados iban dirigidas a solicitar la desestimación de las alegaciones sobre daños y perjuicios extracontractuales esbozadas por el apelante. Siendo así, intimamos

que la desestimación de la acción de daños y perjuicios no fue correcta en derecho.

**IV**

Por los fundamentos que anteceden, se modifica la *Sentencia* apelada, solo en cuanto a dejar sin efecto la desestimación de la causa de acción sobre daños y perjuicios extracontractuales. Por lo demás, la misma se sostiene.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones