EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br><br><br>Roberto Cruz Mena<br>(TS-8,790) | 2024 TSPR 119<br><br>214 DPR ___ |

Número del Caso: AB-2024-0067

Fecha: 14 de noviembre de 2024

Representante legal del promovido:

    Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplimiento con los requerimientos del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Roberto Cruz Mena<br><br>(TS-8,790) | AB-2024-0067 |

*PER CURIAM*

En San Juan, Puerto Rico, a 14 de noviembre de 2024.

Nuevamente ejercemos nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con los requerimientos de este Tribunal. Luego de haber evaluado la conducta reseñada a continuación, nos encontramos obligados a imponer la más severa de las sanciones y suspender de manera inmediata e indefinida al Lcdo. Roberto Cruz Mena (licenciado Cruz Mena) del ejercicio de la abogacía.

**I**

El licenciado Cruz Mena fue admitido al ejercicio de la abogacía el 4 de enero de 1998.

El 18 de marzo de 2024, la Sra. Yarelis López Hermina presentó una *Queja* contra el licenciado Cruz Mena. Sostuvo que, en el año 2023, contrató al letrado para presentar una demanda en daños y perjuicios por persecución maliciosa. No

obstante, indicó que este no respondió a sus comunicaciones para darle seguimiento a la gestión por la cual fue contratado. Así las cosas, sostuvo que el letrado le informó por texto que radicó la demanda, pero no respondió a su subsiguiente indagación de que evidenciara la radicación. Por lo cual, solicitó la devolución de su expediente y de los $2,000 dólares que pagó al contratar al licenciado Cruz Mena. Planteó, por último, que el licenciado no le ha respondido y se limita a contestarle por texto con un emoticón de una mano haciendo el signo de paz.

Así las cosas, el 11 de abril de 2024, se le concedió al licenciado Cruz Mena un término de diez (10) días para que presentara su contestación a la *Queja*.

**Transcurrido el término sin su comparecencia**, el 6 de mayo de 2024, este Tribunal emitió una segunda notificación. En esta se le concedió un término adicional de diez (10) días para presentar su contestación y se le apercibió que de no comparecer, la *Queja* sería referida al Pleno de este Tribunal para la acción correspondiente, lo que podía incluir la imposición de sanciones disciplinarias severas.

**Aún sin comparecer**, el 11 de junio de 2024 emitimos una *Resolución* donde se le concedió al licenciado Cruz Mena un término de diez (10) días para que mostrara causa por la cual no se le debía suspender del ejercicio de la profesión de la abogacía por incumplir con las órdenes de este Tribunal. **Transcurrido el término concedido, sin que el licenciado Cruz Mena compareciera**, el 9 de julio de 2024,

emitimos una *Resolución* concediendo un término final de diez (10) días para comparecer y mostrar causa. Esta Resolución fue notificada de manera personal el 15 de julio de 2024.

Así las cosas, el 22 de julio de 2024, el licenciado Cruz Mena presentó una *Moción mostrando causa y en solicitud de término adicional*. Indicó que no fue hasta la notificación personal que advino en conocimiento de la *Queja* presentada en su contra. Señaló que por problemas técnicos no contó con un teléfono celular u otro dispositivo electrónico para acceder a su correo electrónico y evaluar las notificaciones de la *Queja*. Además, solicitó un término de veinte (20) días adicionales para presentar su contestación a la *Queja*. Indicó que estaba gestionando obtener representación legal y recopilando la información necesaria para presentar su postura.

Evaluado el escrito, el 31 de julio de 2024, se le concedió el término solicitado. Además, se le apercibió que su incumplimiento podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la profesión. **A la fecha de hoy no ha comparecido.**

## II

Es sabido que el Código de Ética Profesional constituye las normas mínimas sobre la conducta de los miembros de la profesión legal que ejercen la abogacía. Preámbulo de los Cánones de Ética Profesional, 4 LPRA Ap. IX. El incumplimiento con las normas que impone el ordenamiento ético y la ley acarrea la imposición de sanciones

disciplinarias. *In re Torres Alvarado*, 212 DPR 477, 485 (2023); *In re Irizarry Irizarry,* 190 DPR 368, 374 (2014).

Así las cosas, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que el abogado debe observar hacia los tribunales una conducta caracterizada por el mayor respeto. En particular se ha resuelto que todo miembro de la profesión legal debe responder a los requerimientos de esta Curia de manera oportuna y diligente, más aún si estos surgen de un trámite disciplinario. *In re Irizarry Irizarry*, *supra*. El incumplir con las órdenes de un tribunal denota una actitud de menosprecio e indiferencia hacia la autoridad de este último y constituye una violación al Canon 9. *In re Cardona Rodríguez*, 206 DPR 863, 868 (2021). En los procesos disciplinarios la desatención de los requerimientos realizados además causa demoras irrazonables en el trámite de los casos, afectando la administración de la justicia. *In re López Santiago,* 199 DPR 797, 808 (2018).

A tono con lo anterior, la consecuencia del incumplimiento con las órdenes del Tribunal es la suspensión indefinida del ejercicio de la profesión. *In re Díaz Vanga*, 2024 TSPR 1, 213 DPR _ (2024); *In re Prado Rodríguez,* 190 DPR 361, 366 (2014)*.*

## III

Los hechos reseñados demuestran que el licenciado Cruz Mena no ha cumplido con nuestros requerimientos de contestar la *Queja* presentada en su contra. Esto, a pesar de las múltiples oportunidades que se le concedieron y de que se le

apercibiera que su incumplimiento podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la profesión.

La conducta del letrado demuestra su falta de interés y desidia ante las órdenes de este Tribunal. Además, constituye un incumplimiento con la conducta exigida hacia los tribunales por el Canon 9 del Código de Ética Profesional, *supra*. En vista de su desatención con nuestras órdenes, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.

En consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto Cruz Mena

(TS-8,790)

AB-2024-0067

SENTENCIA

En San Juan, Puerto Rico, a 14 de noviembre de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede y en vista de su desatención con nuestras órdenes, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.

En consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a los cuales le notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo