ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ROSA VILLAFAÑE VIVO<br><br>Peticionaria<br><br>v.<br><br>SEA CAVE FOOD CORP., ROLANDO JATIB CAMPOS Y OTROS<br><br>Recurridos | KLCE202500073 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2024CV05951<br><br>Sobre: Discrimen, Hostigamiento, Represalias y Despido Injustificado |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 13 de febrero de 2025.

Rosa Villafañe Vivo nos solicita que revisemos una Resolución Interlocutoria que emitió el Tribunal de Primera Instancia, Sala de Bayamón (Tribunal), el 16 de enero de 2025. Mediante ésta, el foro primario informó que desestimaría, mediante sentencia parcial, la acción incoada por Villafañe Vivo contra Sea Cave Food, Inc., en cuanto a las causas de acción por la Ley Núm. 100 de 30 de junio de 1959, 29 LPRA sec. 146 et seq., y por la Ley Núm. 115 de 20 de diciembre de 1991, 29 LPRA sec. 194(a) et seq.

Evaluado el trámite procesal, procedemos a desestimar la presente acción por falta de jurisdicción.

## I.

El 2 de octubre de 2024, Rosa Villafañe Vivo (Villafañe Vivo o peticionaria), interpuso una *Demanda* sobre discrimen, hostigamiento, represalias y despido injustificado en contra de su

expatrono Sea Cave Food Corp. (Sea Cave), contra Rolando Jatib Campos, como Presidente del Demandado Sea Cave y otros. En general, alegó que se había divorciado de Jatib Campos, que trabajó para el patrono desde el 2017 y que recibía un salario. Mencionó que para el año 2023, inició el proceso de disolver el vínculo matrimonial, que mantuvo por veintiséis (26) años, con el presidente del patrono. Adujo que el 6 de marzo de 2024, recibió la sentencia del divorcio y, luego de ello, la despidieron de su empleo. Señaló que este acto se realizó de forma discriminatoria, por represalias, en violación de su intimidad y por razón de ser mujer divorciada del presidente del patrono. Instó su reclamo por despido injustificado según la Ley Núm. 80 de 30 de mayo de 1976; por discrimen bajo la Ley Núm. 100 de 30 de junio de 1959, 29 LPRA sec. 146 et seq. y la Ley Núm. 17 de 22 de abril de 1988, según enmendada. 29 LPRA sec. 155 et seq. y por represalias, a tenor con la Ley Núm. 115 de 20 de diciembre de 1991, según emendada. 29 LPRA sec. 194(a) et seq.

El 30 de diciembre de 2024 Sea Cave contestó la demanda. Asimismo, presentó una *Moción de Desestimación* para las causas de acción presentadas al amparo de la Ley Núm. 100, *supra* y la Ley Núm. 115, *supra*. El 8 de enero de 2025, Rolando Jatib Campos también interpuso una *Moción de Desestimación*.

El 9 de enero de 2025 Villafañe Vivo reaccionó con una *Moción en Oposición a Desestimación presentadas por las Demandadas Sea Cave Food y Rolando Jatib.*

Evaluado el asunto, el 16 de enero de 2025, el Tribunal emitió una *Resolución Interlocutoria*. En virtud de esta, declaró lo siguiente:

> Se deja sin efecto la anotación de rebeldía contra Rolando Jatib Campos emitida el 8 de enero de 2025 a pesar de no haberse solicitado. Este compareció solicitando término para contestar la demanda y presentó Solicitud de Desestimación, aunque tardía, el 8 de enero de 2025. No Ha Lugar a la Solicitud de

Desestimación presentada por el codemandado Rolando Jatib Campos. Las alegaciones en su contra son como presidente del patrono de la parte demandante. Ha Lugar a la Solicitud de Desestimación presentada por Sea Cave Food Corp. en cuanto a las causas de acción por Ley 100 y Ley 115. **A estos efectos, se estará dictando la correspondiente sentencia parcial**. (Énfasis nuestro).

Respecto a esa determinación, y por estar en desacuerdo, el 16 de enero de 2025, Villafañe Vivo presentó una *Solicitud de Reconsideración*. El 17 de enero de 2025, el Tribunal la declaró *No Ha Lugar*.

Aun inconforme, el 27 de enero de 2025, Villafañe Vivo acudió a este foro de revisión intermedio mediante una petición de *Certiorari*. Allí planteó los siguientes señalamientos de error:

**Primero:** Erró el Tribunal de Primera Instancia al desestimar la causa de acción contra el codemandado Sea Cave bajo la Ley 115 de Represalias.

**Segundo:** Erró el Tribunal de Primera Instancia al desestimar la causa de acción contra el codemandado Sea Cave bajo la Ley 100 de Discrimen.

**Tercero:** Erró el Tribunal de Primera Instancia al no reconocer que la demanda sustenta una reclamación de daños por hostigamiento sexual y lesión al derecho de intimidad.

**Cuarto:** Erró el Tribunal de Primera Instancia al resolver que la demanda contra el codemandado Jatib Campos se hizo en su capacidad de oficial de Sea Cave y no como afirma la demanda en su capacidad personal.

Recibido el recurso, le ordenamos a los recurridos a comparecer en o antes del 10 de febrero de 2025. En cumplimiento, Jatib Campos presentó una *Moción en Solicitud de Desestimación de Certiorari por Falta de Jurisdicción*. En este escrito, el recurrido indicó que el recurso de *certiorari* que presentó Villafañe Vivo era prematuro. Explicó que el 28 de enero de 2025 se celebró la Conferencia Inicial y allí el Tribunal anunció que ese día había firmado la Sentencia Parcial. Señaló que, según

lo adelantó el Tribunal, el 29 de enero de 2025, se le notificó la *Sentencia Parcial* emitida el 28 de febrero de 2025, mediante la cual, el foro primario desestimó las causas de acción, bajo la Ley 100, *supra* y la Ley 115, *supra*, contra la codemandada Sea Cave. Junto a su escrito, Jatib Campos incluyó copia de la *Sentencia Parcial.*

En la revisión del presente recurso, corroboramos esta información con el expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B. De la entrada 36 de SUMAC surge que, el 28 de enero de 2025, notificado el día 29 de enero siguiente, el Tribunal emitió una *Sentencia Parcial*, a tenor con lo informado en la Resolución Interlocutoria cuya revisión se nos solicita. El 31 de enero de 2025, Jatib Campos solicitó *Reconsideración*.[1] Ese mismo 31 de enero, notificada el 3 de febrero de 2025, el Tribunal promulgó otra Resolución Interlocutoria para declarar *Ha Lugar* la solicitud de reconsideración, más informó que, "[s]e estará notificando la correspondiente sentencia parcial."[2]

En consideración al trámite procesal previo y posterior a la presentación del auto de *Certiorari*, nos declaramos sin jurisdicción.

**II.**

**A.**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Freire Ruiz de Val v. Morales Román, 2024 TSPR129, 214 DPR ____ (2024); Mun. Aguada v. W Const. y Recovery Finance, 2024 TSPR

---

[1] SUMAC, entrada 40.
[2] SUMAC, entrada 41.

69, 214 DPR ___ (2024); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019). De manera que, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. Freire Ruiz de Val v. Morales Román, *supra*; Torres Alvarado v. Madera Atiles, *supra*, pág. 500. Esto se debe a que los tribunales tienen la responsabilidad indelegable de evaluar, en primera instancia, su propia jurisdicción, así como la del foro del cual procede el recurso ante su consideración. Freire Ruiz de Val v. Morales Román, *supra*; Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018). Por lo que, los asuntos relacionados con ésta son privilegiados y deben atenderse con prioridad. Freire Ruiz de Val v. Morales Román, *supra*; R&B Power. Inc. v. Junta de Subasta ASG, 2024 TSPR 25, 213 DPR ___ (2024); Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020); Torres Alvarado v. Madera Atiles, *supra*, pág. 500.

Al cuestionarse la jurisdicción de un tribunal, por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, toda vez que éste incide directamente sobre la autoridad misma para adjudicar un caso o controversia. Freire Ruiz de Val v. Morales Román, *supra*; Mun. Aguada v. W Const. y Recovery Finance, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 268.

**B.**

Es norma reiterada que los tribunales solo podemos evaluar aquellos casos que son justiciables. Aponte Rosario et al. v. Pres. CEE II, 205 DPR 407, 451 (2020). Al respecto, "los propios tribunales deben preguntarse y evaluar si es o no apropiado entender en un determinado caso, mediante un análisis que les permite ejercer su discreción en cuanto al límite de su poder

constitucional". Aponte Rosario et al. v. Pres. CEE II, *supra*, citando a Smyth, Puig v. Oriental Bank, 170 DPR 73, 76 (2007). Por eso, en aras de proteger este principio, se han desarrollado ciertos criterios de justiciabilidad que demarcan la facultad de los tribunales para entender en un asunto traído ante sí. Aponte Rosario et al. v. Pres. CEE II, *supra*; Romero Barceló v. E.L.A., 169 DPR 460, 470 (2006). La doctrina de justiciabilidad se manifiesta en distintas instancias.  Así pues, no será justiciable aquella controversia en la que: (1) se trata de resolver una cuestión política; (2) una de las partes no tiene legitimación activa; (3) después que ha comenzado el pleito, hechos posteriores la convierten en académica; (4) las partes buscan obtener una opinión consultiva; o (5) se promueve un pleito que no está maduro. SLG Szendrey-Ramos v. Consejo Titulares, 184 DPR 133, 150 (2011); Asoc. Fotoperiodistas v. Rivera Schatz, 180 DPR 920, 932 (2011).

En consecuencia, cuando se trate de una determinación que está pendiente ante la consideración del Tribunal de Primera Instancia, y que aún no ha sido finalmente resuelta, la cuestión recurrida no estará madura para ser considerada por el foro apelativo intermedio. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008).  Es decir, "un recurso que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta, se conoce como un 'recurso prematuro'. Torres Alvarado v. Madera Atiles, *supra*, pág. 500, citando a Yumac Home v. Empresas Massó, 194 DPR 96, 107(2015).

De manera que, en el ámbito procesal un recurso prematuro es aquel que es presentado en la secretaría de un tribunal apelativo antes del tiempo en el cual éste adquiere jurisdicción. Torres Martínez v. Torres Ghigliotty, *supra.*  En esos casos,

un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. Torres Alvarado v. Madera Atiles, *supra*, pág. 501. Esto, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. Íd. Entonces, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Íd.

Expuesta la normativa aplicable, procedemos a resolver la controversia ante nuestra consideración.

### III.

La peticionaria Villafañe Vivo presentó una reclamación laboral de discrimen, hostigamiento, represalias y despido injustificado contra Rolando Jatib Campos y su expatrono Sea Cave. Durante el trámite, Sea Cave y Rolando Jatib Campos solicitaron la desestimación de varias reclamaciones de la demanda. Luego de otros escritos, el Tribunal emitió una *Resolución Interlocutoria* en la cual declaró *Ha Lugar* la solicitud de desestimación que presentó Sea Cave en cuanto a las causas de acción incoadas al amparo de la Ley 100, *supra* y Ley 115, *supra* y declaró no ha lugar la solicitud de desestimación presentada por Rolando Jatib Campos. En esa resolución interlocutoria, el Tribunal especificó que, "se estará dictando la correspondiente sentencia parcial."[3]

A pesar de que el Tribunal expresó que dictaría una sentencia parcial, el 27 de enero de 2025, Villafañe Vivo se adelantó a ese evento y presentó un recurso de *certiorari* para que revisemos la *Resolución Interlocutoria*. Destacamos que, a la fecha en que Villafañe Vivo invocó nuestra jurisdicción, el Tribunal de Instancia aún no había emitido la sentencia parcial respecto a

---

[3] Apéndice, pág. 6.

la desestimación de los codemandados.  Esto nos lleva a concluir que, la presente acción constituyó una petición adelantada a nuestra función revisora, lo cual nos impide evaluar en los méritos su petitorio.  Cualquier determinación que nosotros emitiésemos, en esta etapa, no tendría ningún efecto y constituiría una intromisión a destiempo del trámite que se sigue en el foro primario.

Abona a lo anterior, el hecho de que al día siguiente de presentado el presente recurso, el 28 de enero de 2025, el Tribunal actuó según lo apercibió en la Resolución Interlocutoria y dictó la Sentencia Parcial para desestimar ciertas causas de acción.  Esta decisión fue notificada el 29 de enero de 2025.

Surge del expediente electrónico de SUMAC que Jatib Campos solicitó reconsideración a referida Sentencia Parcial, el Tribunal concedió ese pedido y dispuso el 31 de enero de 2025, que dictaría Sentencia Parcial a esos fines.  Por tanto, el asunto que aquí se nos presenta, aún está pendiente para su disposición final en el foro primario.

De este modo, únicamente nos expresamos para desestimar la presente acción por falta de jurisdicción por prematuro.

**IV.**

Por los fundamentos que anteceden, se desestima el presente recurso de *certiorari* por falta de jurisdicción, conforme la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones