EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2024 TSPR 32 |
| | |
| Juan A. Sánchez Rivoleda | 213 DPR ___ |

Número del Caso: TS-3,413

Fecha: 4 de abril de 2024

Oficina de Inspección de Notarías:

   Lcdo. Manuel E. Ávila De Jesús
   Director

Representante Legal de Juan A. Sánchez Rivoleda:

   Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplir con los requerimientos de la Oficina de Inspección de Notarías y con las órdenes del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

|  |  |  |
|---|---|---|
| Juan A. Sánchez Rivoleda | TS-3413 | Conducta Profesional |

*PER CURIAM*

En San Juan, Puerto Rico, a 4 de abril de 2024.

Nuevamente, nos vemos en la obligación de ejercer nuestra facultad disciplinaria para suspender de manera inmediata e indefinida del ejercicio de la abogacía y la notaría a un miembro de la profesión legal por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y con las órdenes de este Tribunal.

Por las razones que expondremos a continuación, adelantamos que suspendemos de manera inmediata e indefinida al Lcdo. Juan A. Sánchez Rivoleda (licenciado Sánchez Rivoleda o abogado) del ejercicio de la abogacía y la notaría, y lo referimos al correspondiente procedimiento de desacato civil ante

el Tribunal de Primera Instancia, Sala Superior de San Juan.

## I

El licenciado Sánchez Rivoleda fue admitido al ejercicio de la abogacía el 9 de enero de 1970 y prestó juramento como notario el 20 de enero del mismo año. El 23 de agosto de 2023, la ODIN compareció ante este Foro mediante un *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios*. Dicha entidad sostuvo que, luego de varios trámites relacionados con el proceso ordinario de inspección, la Lcda. Nilda L. Delgado Lugo, Inspectora de Protocolos y Notarías (Inspectora), presentó ante el Director de la ODIN un informe sobre las deficiencias de la obra notarial del licenciado Sánchez Rivoleda en conformidad con la Regla 77(m) del Reglamento Notarial. En el referido informe, la Inspectora consignó que el abogado: (1) provocó retrasos en el proceso de reinspección de su obra notarial y canceló múltiples reuniones; (2) devolvió la obra notarial reinspeccionada cuatro (4) meses después de que la ODIN le entregara la misma para encaminar el proceso de subsanación y corrección, y (3) no atendió múltiples deficiencias arancelarias a pesar del tiempo transcurrido.

La ODIN adujo que, posteriormente, le envió al licenciado Sánchez Rivoleda una comunicación por correo electrónico para solicitarle que -dentro de un término de

quince (15) días- reaccionara a las alegaciones sobre su presunta falta de cooperación para lograr la aprobación de su obra. No obstante, el abogado se limitó a explicar que en su oficina se estaban atendiendo los señalamientos de la ODIN y no informó las acciones afirmativas efectuadas para atender los mismos.

Así pues, la ODIN sostuvo que envió otra comunicación al licenciado Sánchez Rivoleda el 24 de marzo de 2022 en la que se repasaron los pormenores del proceso de inspección de la obra notarial; se le concedió un término adicional de treinta (30) días para completar el proceso de subsanación, y se le explicó que -luego del vencimiento del término provisto y tras la celebración de una segunda visita de reinspección- se redactaría un nuevo informe que podría ser referido a la atención de este Tribunal. La cita de reinspección fue programada para el 6 de julio de 2022 a las 9:00 a.m., en las oficinas administrativas de la ODIN. Sin embargo, el notario solicitó su reprogramación para el 21 de julio de 2022. Cabe mencionar que el licenciado Sánchez Rivoleda se ausentó a las citas de reinspección en varias ocasiones sin haber presentado justificación alguna y, además, en las ocasiones que acudía no presentaba los documentos para acreditar la subsanación de las deficiencias señaladas en su obra notarial.

Así pues, mediante una *Resolución* emitida el 5 de septiembre de 2023 y notificada el 7 de septiembre de 2023, ordenamos al Alguacil de este Tribunal a que procediera a

incautar la obra notarial del abogado, incluyendo su sello notarial, y lo entregara a la ODIN para el examen e informe correspondiente. De igual forma, le concedimos al licenciado Sánchez Rivoleda un término de diez (10) días para mostrar causa por la cual no debía ser suspendido de la práctica de la notaría por su reiterado incumplimiento con los requerimientos de la ODIN.

Vencido el término concedido, el abogado compareció el 18 de septiembre de 2023 mediante una *Moción informativa y breve solicitud de prórroga*. En resumen, indicó que tanto él como su secretaria estuvieron indispuestos de salud durante el término provisto y que se comunicó con una funcionaria de la ODIN, quien acordó facilitarle el protocolo bajo la custodia del Archivero General para la atención de los señalamientos en cuestión. De este modo, el licenciado Sánchez Rivoleda solicitó una breve prórroga para cumplir con nuestra orden. Mediante una *Resolución* emitida el 21 de septiembre de 2023, le concedimos al abogado un término de diez (10) días para cumplir con lo ordenado por este Tribunal y le apercibimos que su incomparecencia conllevaría la imposición de sanciones disciplinarias severas, incluyendo la separación del ejercicio de la abogacía y la notaría.

En cumplimiento con lo ordenado por este Foro, el 2 de octubre de 2023, el licenciado Sánchez Rivoleda presentó un *Escrito mostrando causa*. En síntesis, el abogado expresó que, si bien era cierto que hubo dilaciones en el

proceso de subsanación de su obra notarial, el mismo se había postergado por razones de índole personal y profesional. Particularmente, sostuvo que la conmoción emocional ante el fallecimiento de su esposa en el 2019, en unión a otros problemas familiares y la pandemia del COVID-19, afectaron su capacidad para cumplir con las directrices y demás trámites rutinarios.

Por otro lado, el licenciado Sánchez Rivoleda expuso que la ODIN no permitió la aportación de su secretaria en el proceso de subsanación de su obra notarial. En cuanto a los señalamientos concernientes al pago de aranceles y anotaciones en los diferentes registros, aseguró que todos fueron subsanados, aunque indicó que algunos señalamientos de su protocolo de 2020 no pudieron ser corregidos debido a su incautación. Finalmente, afirmó haber realizado gestiones continuas desde el 2020 y que siempre había mantenido una buena comunicación con la ODIN para lograr la subsanación de su protocolo. Por consiguiente, mediante una *Resolución* emitida el 6 de octubre de 2023, le concedimos a la ODIN un término de treinta (30) días para que expusiera su posición con relación a lo expresado por el abogado.

El 3 de noviembre de 2023, la ODIN presentó una *Moción en cumplimiento de orden e informe sobre el estado de la obra notarial incautada.* Allí alegó que la Inspectora no se negó a que el licenciado Sánchez Rivoleda fuera asistido por su secretaria, pero arguyó que no podía aceptar la

falta de disponibilidad de su asistente como justificación para la cancelación o reprogramación de reuniones. Además, la ODIN indicó que, luego de la incautación de la obra protocolar, el abogado no coordinó con la Inspectora una fecha hábil para comparecer al Archivo Notarial en donde se encuentra depositada la obra en cuestión para atender los asuntos señalados. Por último, la ODIN enfatizó que la Inspectora fue diligente en mantener comunicación con el notario y en requerirle **completar el proceso de subsanación <u>que comenzó hace más de dos (2) años</u>**.

En cuanto al estado de la obra notarial incautada, la ODIN detalló varias deficiencias en los tomos del protocolo, tales como: falta de firma, signo, sello o rúbrica en múltiples instrumentos públicos; protocolos sin encuadernación; instrumentos sin identificar y en los que no consta la fe del conocimiento de la parte otorgante o método supletorio de identificación utilizado; omisión en la cancelación de sellos de Rentas Internas, Impuesto Notarial y Sociedad para Asistencia Legal, entre otras. Asimismo, mencionó otras deficiencias en el Registro de Testimonios, tales como: omisión de la firma y del sello del notario en múltiples asientos, y omisión de registrar asientos. Así pues, la ODIN solicitó que le concediéramos al licenciado Sánchez Rivoleda un término de sesenta (60) días para que encaminara el proceso de subsanación de su obra protocolar, incluyendo la encuadernación de la misma, la cancelación de las deficiencias arancelarias pendientes

y la contratación de los servicios de un notario para subsanar o ratificar los negocios jurídicos ineficaces en su obra protocolar, entre otros.

Así las cosas, mediante una *Resolución* emitida el 10 de noviembre de 2023, le concedimos al abogado un **término de sesenta (60) días** para encaminar el proceso de subsanación de su obra notarial a la luz de los señalamientos consignados en el *Informe sobre el estado de la obra notarial incautada* presentado por la ODIN. Valga señalar que, además, **apercibimos al licenciado Sánchez Rivoleda que, de no subsanar las deficiencias señaladas en el término concedido, se expondría a la imposición de sanciones disciplinarias severas, incluyendo la separación de la abogacía y la notaría.**

El 8 de enero de 2024, el abogado presentó una *Moción informativa y solicitud de término adicional*. En esencia, sostuvo que por razones ajenas a su voluntad no había culminado el proceso de subsanación de su obra protocolar. Según expuso, éste tuvo la oportunidad de reunirse con la Inspectora en dos (2) ocasiones y se encontraba en espera de una próxima reunión para cumplir con lo ordenado por este Tribunal. De esta manera, el licenciado Sánchez Rivoleda señaló que pudo adelantar el proceso de subsanación de la obra notarial, por lo cual solicitó un término adicional para continuar con el mismo.

Así pues, el 10 de enero de 2024 emitimos una *Resolución* mediante la cual le concedimos al abogado un **término**

**adicional de treinta (30) días** para culminar el proceso de subsanación de su obra protocolar. Igualmente, allí **apercibimos al licenciado Sánchez Rivoleda que, de no subsanar las deficiencias señaladas en el término concedido, se expondría a la imposición de sanciones disciplinarias, incluyendo la separación de la abogacía y la notaría.** Cabe destacar que, el 12 de enero de 2024, la ODIN presentó una *Reacción a moción informativa y en solicitud de término e informe actualizado sobre el estado de la obra notarial incautada*. De esta forma, la ODIN tomó conocimiento del término otorgado e indicó que le brindaría al abogado cualquier apoyo para cumplir con lo ordenado por este Tribunal. Además, sostuvo que el licenciado Sánchez Rivoleda satisfizo gran parte de la deficiencia arancelaria, restando el saldo de $8, pero detalló que aún subsistían señalamientos sin atender.[1]

---

[1] En particular, la Oficina de Inspección de Notarías (ODIN) señaló que hasta ese momento no se habían atendido los señalamientos siguientes:

(1) Protocolos para los años 2021 y 2022 sin encuadernar. Artículo 52 [de] [la] Ley Notarial; Regla 57 [del] Reglamento Notarial.

(2) Falta de firma, signo, sello o rúbrica del notario en múltiples instrumentos públicos. Artículos 13, 16 y 18 [de] [la] Ley Notarial; Regla 34 [del] Reglamento Notarial.

(3) Instrumentos públicos sin identificar (no consta número de instrumento; instrumentos públicos en los que no constan fecha o lugar de otorgamiento[)]. Artículo 15 (a y c) [de] [la] Ley Notarial; Regla 20 [del] Reglamento Notarial.

(4) Instrumentos públicos en los que no consta la fe del conocimiento de la parte otorgante o método supletorio de identificación utilizado. Artículos 15(c) y 17 de la Ley Notarial; Reglas 29 y 30 del Reglamento Notarial.

(5) Instrumentos públicos sin documentos complementarios relacionados. [Instrucciones Generales a los Notarios y las Notarias] #13.

El 8 de febrero de 2024, la ODIN compareció ante este Foro mediante una *Moción notificando incumplimiento de orden*. La ODIN destacó que el término concedido al abogado vencía el 9 de febrero de 2024 e incluyó un informe actualizado preparado por la Inspectora, en el cual se precisó que (luego de nuestra *Resolución* del 10 de enero de 2024) se celebró una reunión el 31 de enero de 2024 con el licenciado Sánchez Rivoleda, quien logró subsanar ciertos detalles del Volumen Séptimo del Registro de Testimonios. No obstante, la ODIN aseveró que los asuntos atendidos por el abogado sobre la obra notarial pendiente de aprobación habían sido mínimos.[2] En consecuencia, la ODIN solicitó que tomáramos conocimiento del incumplimiento respecto a nuestra *Resolución* del 10 de enero de 2024; evaluáramos la imposición de sanciones disciplinarias, y emitiéramos cualquier otro pronunciamiento en derecho.

---

(6) Instrumentos que omiten circunstancias personales de las partes otorgantes. Artículo 15(d) [de] [la] Ley Notarial.

(7) Instrumentos que omiten número de catastro en múltiples negocios jurídicos instrumentados. Artículo 15(i) [de] [la] Ley Notarial.

(8) Notario no ha hecho entrega de un instrumento público autorizado y no incautado correspondiente a su tomo del Protocolo del año natural 2022. De haberse extraviado, debe encaminar el correspondiente proceso de reconstrucción. Artículo 55 [de] [la] Ley Notarial; Regla 58-A [del] Reglamento Notarial.

(9) Omisión de la firma y del sello del notario en múltiples Asientos del Libro de Registro de Testimonios, así como [la] obligación de registrar [el] asiento omitido. Art[ículo] 57 de la Ley Notarial. (Negrilla en el original omitida). *Reacción a moción informativa y en solicitud de término e informe actualizado sobre el estado de la obra notarial incautada* presentada por la Oficina de Inspección de Notarías (ODIN) el 12 de enero de 2024, pág. 3.

[2]    Hasta ese momento, el Lcdo. Juan A. Sánchez Rivoleda sólo había completado la subsanación de las deficiencias arancelarias.

En esa misma fecha, el licenciado Sánchez Rivoleda presentó una *Moción informativa y solicitud de término adicional*. En resumen, adujo que continuaba trabajando arduamente con el asunto y que tenía pleno interés en cumplir con todos los formalismos requeridos para que se pudiera culminar el proceso de subsanación. Por lo tanto, el abogado solicitó un término adicional para subsanar las deficiencias señaladas.

En vista de lo anterior, mediante una *Resolución* emitida el 13 de febrero de 2024 y notificada el 14 de febrero de 2024, le concedimos al licenciado Sánchez Rivoleda un **término final de treinta (30) días** para culminar el proceso de subsanación de su obra protocolar. De igual forma, **le apercibimos al abogado que, de no subsanar las deficiencias señaladas en el término concedido, se expondría a la imposición de sanciones disciplinarias, incluyendo la separación de la abogacía y la notaría.** Finalmente, **también le apercibimos a éste que podría ser referido al correspondiente proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.**

Transcurrido el término concedido al licenciado Sánchez Rivoleda sin que éste compareciera ante este Tribunal, el 18 de marzo de 2024, la ODIN presentó una *Moción reiterando incumplimiento de orden*. En esencia, señaló que a esa fecha el estado de la obra notarial incautada al abogado permanecía en el mismo estado al informado en enero y

febrero de 2024. En esa misma línea, destacó que, **tomando en consideración las prórrogas conferidas por este Tribunal**, el licenciado Sánchez Rivoleda había contado con **poco más de ciento veinte (120) días** para cumplir con lo ordenado por este Foro. Por lo tanto, la ODIN nos solicitó que: (1) decretáramos la suspensión inmediata e indefinida del abogado del ejercicio de la notaría; (2) evaluáramos si procedía la suspensión del licenciado Sánchez Rivoleda del ejercicio de la abogacía; (3) evaluáramos referir al abogado a un procedimiento de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan, y (4) emitiéramos cualquier otro pronunciamiento que proceda en derecho.

Valga señalar que el licenciado Sánchez Rivoleda compareció ante este Tribunal fuera del término provisto mediante una *Moción informativa en relación a moción del Hon. Manuel E. Ávila De Jesús* en la cual expuso que estuvo dos (2) días en el Hospital Auxilio Mutuo, que los asuntos pendientes responden a diferencias de criterio y nuevamente aduce que cumplirá con todo lo que se le ha exigido. Por su parte, la ODIN presentó una *Reacción a moción informativa* en la que expresó que las deficiencias señaladas no son asuntos de diferencias de criterio, sino serias faltas que inciden sobre la validez de los negocios jurídicos. Por tanto, reafirmó lo recomendado anteriormente como resultado del reiterado incumplimiento del licenciado Sánchez Rivoleda.

**II**

Como consecuencia de nuestra facultad inherente para regular la profesión legal en Puerto Rico, este Tribunal tiene la obligación de asegurar que aquellos que sean admitidos al ejercicio de la abogacía y la notaría realicen sus funciones de forma competente, responsable y diligente. *In re* Nicot Santana, 2024 TSPR 21, 213 DPR ___ (2024); *In re* Montañez Morales, 2023 TSPR 111, 212 DPR ___ (2023); *In re* Meléndez Artau, 2023 TSPR 60, 212 DPR ___ (2023).

En específico, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que todos los miembros de la profesión legal se conduzcan con una conducta que se caracterice por el mayor respeto hacia los tribunales. *In re* Díaz Vanga, 2024 TSPR 1, 213 DPR ___ (2024); *In re* Lajara Radinson, 207 DPR 854, 863 (2021). Bajo este mandato, hemos reiterado el deber que tienen todos los abogados de dar escrupulosa atención y obediencia a las órdenes de este Tribunal y de cumplirlas con diligencia y prontitud, en particular cuando se trata de procesos disciplinarios. *In re* Díaz Vanga, *supra*; *In re* Wilamo Guzmán, 2023 TSPR 61, 212 DPR ___ (2023); *In re* Bauzá Tirado, 211 DPR 633, 635 (2023).

Igualmente, hemos indicado que el deber de cumplir con nuestras órdenes se extiende a los requerimientos realizados por la Oficina de Inspección de Notarías, la Oficina del Procurador General y el Programa de Educación Jurídica Continua. *In re* Bermúdez Tejero, 206 DPR 86,

94 (2021); *In re* Malavé Haddock, 207 DPR 573, 582 (2021). En armonía con lo expuesto, hemos manifestado que la desatención de nuestras órdenes por parte de los abogados resulta en una afrenta a la autoridad de los tribunales, lo que constituye una violación al Canon 9 del Código de Ética Profesional, *supra*, y es suficiente para decretar la separación inmediata e indefinida de la profesión legal. *In re* Colón Olivo I, 211 DPR 55, 63 (2023); *In re* López Pérez, 201 DPR 123, 126 (2018).

### III

Según los hechos reseñados, el licenciado Sánchez Rivoleda ha incumplido con las órdenes de este Tribunal, las cuales han sido emitidas para encauzar su inacción en el proceso de subsanación de la obra protocolar incautada. Cabe mencionar que la coordinación para encaminar el proceso de examen de la obra notarial del abogado comenzó formalmente ante la ODIN **en octubre de 2020**.[3] Evidentemente, éste ha incurrido en un craso incumplimiento con los postulados del Canon 9 del Código de Ética Profesional, *supra*, al desatender las órdenes emitidas por este Tribunal y los requerimientos de la ODIN.

El licenciado Sánchez Rivoleda ha desplegado un patrón de conducta de desidia e indiferencia en cuanto a la corrección de las deficiencias sustantivas de su obra notarial.   Este tipo de comportamiento no puede ser

---

[3]   Véase *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios* presentado por la ODIN el 23 de agosto de 2023, pág. 1 esc. 1.

tolerado por este Tribunal, máxime cuando se toman en cuenta las diversas oportunidades concedidas al abogado, así como los múltiples apercibimientos sobre las posibles sanciones disciplinarias y consecuencias que su incumplimiento podría acarrear.

Resulta incuestionable que el proceder del licenciado Sánchez Rivoleda demuestra un incumplimiento recurrente y voluntario que se distancia de la conducta de respeto hacia los tribunales, tal y como lo exige el Canon 9 del Código de Ética Profesional, *supra*. En atención a esta realidad, y en conformidad con el poder inherente de reglamentar la abogacía que posee este Foro, procede decretar la suspensión inmediata e indefinida del licenciado Sánchez Rivoleda del ejercicio de la abogacía y la notaría. Asimismo, se le refiere a un procedimiento de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

## IV

Por las razones antes esbozadas, suspendemos de forma inmediata e indefinida al Lcdo. Juan A. Sánchez Rivoleda del ejercicio de la abogacía y la notaría. En consecuencia, el señor Sánchez Rivoleda deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, así como deberá informar inmediatamente de su

suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. A su vez, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a los cuales les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Sánchez Rivoleda queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Por último, se refiere al señor Sánchez Rivoleda a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Juan A. Sánchez Rivoleda    TS-3413

Conducta
Profesional

SENTENCIA

En San Juan, Puerto Rico a 4 de abril de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, suspendemos de forma inmediata e indefinida al Lcdo. Juan A. Sánchez Rivoleda del ejercicio de la abogacía y la notaría.

En consecuencia, el señor Sánchez Rivoleda deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, así como deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. A su vez, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a los cuales les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Sánchez Rivoleda queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Por otra parte, se refiere al señor Sánchez Rivoleda a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Notifíquese personalmente y por correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo