EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                      | 2024 TSPR 42      |
|                             |                   |
| José M. Pérez Fernández     | 213 DPR ___       |

Número del Caso: TS-14,149


Fecha: 29 de abril de 2024


Representante Legal del Sr. José M. Pérez Fernández:

    Por derecho propio


Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director


Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplir con los requerimientos de la Oficina de Inspección de Notarías y las órdenes del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| José M. Pérez Fernández | TS-14,149 |

PER CURIAM

En San Juan, Puerto Rico, a 29 de abril de 2024.

Una vez más, nos vemos obligados a ejercer nuestro poder disciplinario para suspender del ejercicio de la abogacía y la notaría a un abogado que ha exhibido una falta de diligencia inexcusable en la corrección de una multiplicidad de deficiencias relacionadas con su gestión notarial. Tal patrón de fallas ocurrió a pesar de las diversas oportunidades concedidas para ello por la Oficina de Inspección de Notarías (ODIN) y por este Tribunal.

Tomando en cuenta el reiterado incumplimiento del Lcdo. José M. Pérez Fernández (licenciado Pérez Fernández) a los requerimientos de la ODIN y a las órdenes del Tribunal, le suspendemos de forma inmediata e indefinida del ejercicio de la abogacía y la notaría.

I

El licenciado Pérez Fernández fue admitido al ejercicio de la abogacía el 6 de agosto de 2002 y prestó juramento como notario el 4 de septiembre del mismo año.

El 17 de enero de 2024, la ODIN compareció ante este Tribunal mediante un _Informe especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios_. En este, relató que, desde el 7 de julio de 2023, la Lcda. Priscilla M. Santiago Acosta, Inspectora de Protocolos y Notarías, había concedido múltiples oportunidades al licenciado Pérez Fernández para que subsanara ciertas deficiencias durante el proceso de corrección que inició tras la identificación de diversas fallas en su obra notarial. Detalló que, sin embargo, este había asumido una actitud pasiva frente a los requerimientos de la ODIN, lo que había retrasado impermisiblemente la subsanación de tales deficiencias.

La ODIN particularizó que, aunque delineó un calendario de trabajo junto al licenciado Pérez Fernández, este no lo cumplió cabalmente y tampoco demostró el interés necesario exigido para corregir las deficiencias señaladas. Asimismo, expresó que en una reunión celebrada el 11 de enero de 2024, se le informó al licenciado Pérez Fernández de la gravedad de las faltas existentes en su obra notarial, pero que, a pesar de lo anterior, este volvió a incumplir con la agenda de trabajo y se marchó. Asimismo, la ODIN comunicó que, hasta ese momento, persistían los incumplimientos

siguientes: (1) la falta de encuadernamiento en la obra notarial correspondiente a los años 2021 y 2022; (2) la ausencia de radicación de ciertos informes de actividad notarial mensuales y anuales, y (3) la omisión de cancelar la totalidad de la deuda arancelaria identificada inicialmente en un estimado de $13,003.50.

Tras acoger la sugerencia de la ODIN, **el 29 de enero de 2024,** emitimos una <u>Resolución</u> y ordenamos la incautación de la obra protocolar y el sello notarial del licenciado Pérez Fernández. **Además, le concedimos un término de diez (10) días para que mostrara causa por la cual no debía ser suspendido inmediata e indefinidamente del ejercicio de la notaría por sus incumplimientos reiterados con los requerimientos de la ODIN. Por último, le apercibimos de que incumplir con nuestra orden lo expondría a sanciones disciplinarias severas, incluyendo la separación de la abogacía y la notaría.**

El 6 de febrero de 2024, el licenciado Pérez Fernández solicitó una <u>Urgente petición de prórroga</u> de treinta (30) días por razón de que se encontraba en conversaciones con dos (2) compañeros que lo ayudarían a contestar el informe rendido por la ODIN.

El 9 de febrero de 2024, se le concedió la prórroga solicitada. En esa ocasión, le recalcamos sobre su deber de cumplir con la *Resolución* del 29 de enero de 2024, **pues hizo caso omiso a nuestra orden de que expusiera las razones por las cuales no debíamos suspenderlo de la notaría,** y le

advertimos sobre la indispensabilidad de su cumplimiento con los requerimientos de la ODIN. **Igualmente, le apercibimos que el incumplimiento con esta orden sería causa suficiente para suspenderlo de la abogacía y, por consiguiente, de la notaría.**

El 5 de marzo de 2024, el licenciado Pérez Fernández radicó una segunda Urgente petición de prórroga. En esa ocasión, adujo que ha continuado trabajando con los señalamientos hechos y detalló una serie de supuestos avances en la subsanación de su obra protocolar. Nuevamente, reiteró que ha estado en conversaciones con un abogado para que le asista en la contestación del informe de la ODIN, por lo cual peticionó la concesión de un término adicional no menor de sesenta (60) días.

En respuesta, el 7 de marzo de 2024, la ODIN presentó un escrito titulado Moción en reacción a escrito titulado *Urgente petición de prórroga* y en solicitud de remedios. Tras realizar un recuento procesal de los incidentes relacionados con el licenciado Pérez Fernández, la ODIN resaltó que, por segunda ocasión, **el letrado omitió exponer las razones por las cuales no debía ser suspendido inmediata e indefinidamente de la práctica de la notaría.**

Como agravante, la ODIN reiteró que en las últimas décadas el notario no había sido capaz de cumplir con los preceptos básicos de la profesión, pues: (1) muchas de las deficiencias por subsanar fueron notificadas hace muchos años y aún no han sido corregidas; (2) no ha provisto una

razón para las omisiones arancelarias en exceso de veinte mil dólares ($20,000.00), parte de las cuales han sido satisfechas con aranceles adquiridos posterior al mes de julio de 2023; (3) ha fallado en explicar por qué múltiples instrumentos públicos carecían de eficacia jurídica por la ausencia de firmas de partes otorgantes, fedatarios, o de ambos, y (4) ha pasado por alto explicar los motivos que justifiquen el haber obviado la presentación de más de cien (100) informes notariales, mensuales y anuales.

Por otra parte, la ODIN acompañó un <u>Informe [actualizado] de deficiencias de la obra notarial del Lcdo. José M. Pérez Fernández, Notario Número 14149</u>, con fecha del 5 de marzo de 2024, con el propósito de refutar los avances que el licenciado Pérez Fernández arguyó haber realizado. En este, según resume el Director de la ODIN, la Inspectora de Protocolos y Notarías precisó lo siguiente:

> **[1]** muchas de las comunicaciones cursadas por el letrado al Director que suscribe para autorizar la aprobación de cierta obra protocolar formada en los años 2014 al 2018 **no cumple con los estándares exigidos**;
> **[2]** **que subsisten deficiencias arancelarias que no han sido atendidas**; **que este no ha encaminado el proceso de ratificación** de múltiples negocios jurídicos, en particular instrumentos autorizados entre los años naturales 2018 al 2024;
> **[3]** que, pese a los señalamientos previamente hechos en el proceso de examen de su obra, **el notario continuó incurriendo en errores** que, al presente, afectan la eficacia jurídica de las transacciones celebradas;
> **[4]**que **el notario no ha hecho entrega del Volumen Décimo del Libro de Registro de Testimonios**; y que este hizo entrega de 44

> instrumentos públicos autorizados que no
> había informado de su existencia;
> **[5]** [por lo cual no cabe duda de que] <u>**el**</u>
> <u>**licenciado Pérez Fernández no comprende o no**</u>
> <u>**reconoce la magnitud, la gravedad y la**</u>
> <u>**seriedad de las deficiencias que prevalecen**</u>
> <u>**sin subsanar en su obra notarial incautada**</u>.
> (Negrillas y énfasis suplidos). Íd., pág. 4.

Por todo lo anterior, la ODIN se opuso vehementemente a la concesión de una nueva prórroga bajo el pretexto de subsanar incumplimientos que, en algunos casos, llevan más de diez (10) años sin ser atendidos.

El licenciado Pérez Fernández replicó y expuso ciertas circunstancias que, a su juicio, justificaban la concesión de la prórroga solicitada. **Empero, por tercera ocasión, falló en cumplir con nuestra orden del 29 de enero de 2024.**

A la luz del cuadro fáctico antes reseñado, y en consideración al hecho de que, transcurrido en exceso el término concedido, a la fecha de esta Opinión <u>Per Curiam</u> el licenciado Pérez Fernández aún no ha cumplido con los requerimientos de la ODIN ni con las órdenes de este Tribunal, procedemos a sancionarle conforme al estado de Derecho que examinaremos a continuación.

**II**

A tenor con nuestro poder inherente para regular la profesión legal, este Tribunal tiene la obligación de que los profesionales del Derecho admitidos al ejercicio de la abogacía y la notaría realicen sus funciones de manera competente, responsable y diligente. <u>In re Sánchez Rivoleda</u>, 2024 TSPR 32.

En el caso de las y los notarios, estos tienen la obligación de, además, cumplir cabalmente con la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 LPRA sec. 2001 et seq., el Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV, el Código de Ética Profesional, 4 LPRA Ap. IX, y con toda norma o reglamento concerniente a los deberes inherentes del notariado. In re Alomar Santiago, 211 DPR 265 (2023).

Particularmente, el Canon 9 del Código de Ética Profesional, supra, exige que todos los miembros de la profesión observen para con los tribunales una conducta que se caracterice por el mayor respeto. In re Sánchez Rivoleda, supra. De acuerdo con este mandato, consecuentemente hemos reiterado que las abogadas y los abogados tienen el "deber de cumplir pronta y diligentemente todos nuestros requerimientos y órdenes, pues su desatención constituye un serio desafío a nuestra autoridad". In re Malavé León, 211 DPR 971, 977 (2023) (citando a In re Meléndez Mulero, 208 DPR 541, 550 (2022); In re Venegas Martínez, 206 DPR 548 (2021); In re Rosa Rivera, 205 DPR 715, 720 (2020)). Lo anterior cobra aún más importancia cuando tales órdenes, apercibimientos o requerimientos surgen como parte de un procedimiento disciplinario. In re Meléndez Mulero, supra.

Igualmente, hemos indicado que el deber de conducirse con el mayor de los respetos para con los tribunales no se limita solo a las órdenes emitidas por este Tribunal, sino que también se extiende a los requerimientos de nuestros

brazos operacionales que intervienen en los procesos disciplinarios, como lo es la ODIN. In re Bermúdez Tejero, 206 DPR 86, 94 (2021); In re Alers Morales, 204 DPR 515, 519 (2020). Lo anterior se debe a que los requerimientos de la ODIN son análogos a las órdenes emitidas por este Tribunal. In re Malavé León, supra. Por consiguiente, asumir una actitud pasiva o de menosprecio a sus señalamientos, "menoscab[a] el ejercicio del deber fiscalizador de la ODIN y transgred[e] su deber de respeto hacia los requerimientos de esta entidad". Íd. Véase, además, In re Candelario Lajara I, 197 DPR 722, 726 (2017).

Al respecto, reiteradamente hemos apuntalado que los abogados y las abogadas tienen la obligación de subsanar diligentemente las deficiencias que la ODIN les notifique. In re Franco Rivera, 197 DPR 628, 634 (2017). Le corresponde a ese profesional del Derecho coordinar con la ODIN las reuniones necesarias en beneficio de la pronta subsanación de las faltas identificadas en su obra notarial. Íd., pág. 635 (citando a In re Vázquez González, 194 DPR 688 (2016); In re García Aguirre, 190 DPR 539 (2014); In re Padilla Santiago, 190 DPR 535 (2014)).

De ahí que cuando una abogada o un abogado incumple reiteradamente con los requerimientos de la ODIN, hemos sido consecuentes en suspenderlo inmediata e indefinidamente de la práctica legal por infringir el Canon 9 de Ética Profesional. In re Sánchez Rivoleda, supra; In re Meléndez Mulero, supra; In re Canales Pacheco, 200 DPR

228, 233 (2018); In re Torres Román, 195 DPR 882, 890 (2016). "[E]l reiterado incumplimiento por parte de los abogados con los deberes encarnados en el Canon 9 es razón suficiente para suspenderlos inmediata e indefinidamente del ejercicio de la abogacía y la notaría". In re Torres Román, supra, págs. 890-891 (citando a In re Borges Lebrón, 179 DPR 1037 (2010); In re López de Victoria Brás, 177 DPR 888 (2010); In re Escalona Colón, 149 DPR 900 (1999); In re Reyes Rovira, 139 DPR 42 (1995).

## III

Según los hechos reseñados, el licenciado Pérez Fernández ha incumplido con las órdenes de este Tribunal, las cuales han sido emitidas para encauzar su falta de diligencia en el proceso de subsanación de la obra protocolar incautada. Destacamos que la coordinación para encaminar el proceso de subsanación de la obra notarial del letrado ante la ODIN comenzó el 7 de julio de 2023 y, hoy en día, no ha sido completada.

El licenciado Pérez Fernández ha presentado un patrón de conducta carente de la diligencia exigida para la corrección de las deficiencias sustantivas de su obra notarial. Esto ha sido así previo a la presentación del informe por parte de la ODIN y continúa de igual modo hasta la actualidad. Tal comportamiento no será tolerado por este Tribunal, máxime cuando a este se le han concedido una multiplicidad de oportunidades y se le ha advertido de las consecuencias de su incumplimiento.

Resulta incuestionable que el cuadro fáctico antes descrito demuestra un incumplimiento voluntario, reiterado y deliberado por parte del licenciado Pérez Fernández con las órdenes de este Tribunal y que su conducta se distancia de una de respeto hacia los tribunales, tal y como lo exige el Canon 9 del Código de Ética Profesional, supra. A la luz de este patrón de desobediencia, y en conformidad con el poder inherente de reglamentar la profesión que posee este Tribunal, procede decretar la suspensión inmediata e indefinida del licenciado Pérez Fernández del ejercicio de la abogacía y la notaría.

## IV

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. José M. Pérez Fernández del ejercicio de la abogacía y la notaría.

En virtud de tal suspensión, le imponemos el deber de, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia, certificar que notificó a todos sus clientes de su incapacidad para continuar con su representación, que devolvió los expedientes y los honorarios recibidos por trabajos no rendidos en los casos pendientes, y que informó de su inhabilidad para ejercer la profesión a los foros judiciales y administrativos en los que tenga un caso pendiente. A esos fines, deberá acreditar y certificar ante este Tribunal dentro del término conferido el cumplimiento

con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de la suspensión.

Como consecuencia de la suspensión del señor Pérez Fernández del ejercicio de la notaría, disponemos que la fianza que garantiza sus funciones, de haber prestado la misma, queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Por último, se le apercibe que su incumplimiento con lo aquí ordenado pudiera conllevar que en el futuro no se le reinstale al ejercicio de la abogacía o notaría, así como que se le refiera al Tribunal de Primera Instancia para que se inicie un procedimiento de desacato civil en su contra.

Notifíquese esta Opinión <u>Per Curiam</u> y <u>Sentencia</u> al Sr. José M. Pérez Fernández mediante correo postal y al correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                   | TS-14,149 |
|--------------------------|-----------|
| José M. Pérez Fernández  |           |

SENTENCIA

En San Juan, Puerto Rico, a 29 de abril de 2024.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de le presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. José M. Pérez Fernández del ejercicio de la abogacía y la notaría.

En virtud de tal suspensión, se le impone el deber de, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia, certificar que notificó a todos sus clientes de su incapacidad para continuar con su representación, que devolvió los expedientes y los honorarios recibidos por trabajos no rendidos en los casos pendientes, y que informó de su inhabilidad para ejercer la profesión a los foros judiciales y administrativos en los que tenga un caso pendiente. A esos fines, deberá acreditar y certificar ante este Tribunal dentro del término conferido el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de la suspensión.

Como consecuencia de la suspensión del Sr. José M. Pérez Fernández del ejercicio de la notaría, se dispone que la fianza que garantiza sus funciones, de haber prestado la misma, queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Por último, se le apercibe que su incumplimiento con lo aquí ordenado pudiera conllevar que, de solicitarlo en un futuro, no se le reinstale al ejercicio de la abogacía o notaría, así como que se le refiera al Tribunal de Primera Instancia para que se inicie un procedimiento de desacato civil en su contra.

Notifíquese esta Opinión Per Curiam y Sentencia al Sr. José M. Pérez Fernández mediante correo postal y al correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                   Javier O. Sepúlveda Rodríguez
                                   Secretario del Tribunal Supremo